# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## SOUTHERN GRAND DIVISION.

### JUNE TERM, 1871.

MINERVA MERRILL *et al.*

*v.*

RICHARD ATKIN.

59   19<br>76a 450

1. HEIRS—*who included therein.* Under the word "heirs" are comprehended the heirs of heirs, *ad infinitum.*

2. WITNESS—*competency, under act of* 1867. So, the second section of the act of 1867, which prohibits a party from testifying when the adverse party sues or defends "as executor, administrator, *heir*, legatee or devisee of a deceased person," with certain exceptions enumerated in the act, applies as well in favor of the heir by one remove as in behalf of the immediate heir. The true intent of the statute was to make the right of a party to testify a mutual right, and not to grant it, with the exceptions enumerated in the act, where the adverse party claims in a representative capacity under a deceased person.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. B. B. SMITH, for the plaintiffs in error.

Mr. H. C. GOODNOW and Mr. W. W. WILLARD, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case has already been before this court, on the original bill, and is reported in 39 Ill. 62, under the title, *Atkin* v. *Merrill.* The facts are there stated, and it is unnecessary to repeat them. It was then said by the court, that Atkin could assert his alleged equitable rights in the premises only by a cross bill. He has since filed his cross bill, and the court has given him the relief asked. The decree, however, rests substantially on his own testimony, which was objected to on the hearing, and a reversal of the decree is now asked, because of its admission.

We can not consider him a competent witness. Under the act of 1867, a party is not a competent witness where the adverse party sues or defends as executor, administrator, heir, legatee or devisee of a deceased person, with certain exceptions enumerated in the act, in none of which does the present case fall. Atkin testified as to certain transactions between himself and Nelson C. Merrill, now deceased. The plaintiff in error, Minerva Merrill, not only claimed dower in the premises as widow of Nelson C. Merrill, which claim was admitted by Atkin, the defendant in error, but she also claimed four ninths of the premises in fee. Atkin set up a lien paramount to this last claim. The plaintiff in error claimed the four ninths as the heir of two of her deceased children, who had inherited from their father, her husband. It is said she is not claiming as heir of her husband, and, therefore, the case does not fall within the prohibition of the second section of the statute. It is true, she does not claim as

the immediate heir of her husband, but she does claim as his heir through her children. She claims under him by inheritance. Under the word heirs are comprehended the heirs of heirs, *ad infinitum*. Bouvier's Law Dic., where the authorities are cited.

The case, then, falls not only within the letter, but the spirit, of the second section of the statute, the evident intent of the legislature being to make the right of a party to testify a mutual right, and not to grant it where the adverse party claims in a representative capacity under a deceased person, with certain exceptions not applicable to the case at bar. The necessity of such a restriction is too apparent to need comment, and applies as well in favor of the heir by one remove as in behalf of the immediate heir.

The decree is reversed and the cause remanded.

*Decree reversed.*