# JAMES LANGLEY

### *v.*

## SARAH DODSWORTH, Exrx. etc.

1. WITNESS—*party as.against executor.* In a suit by an executor upon a promissory note to the testator, the principal maker is not a competent witness for a surety, to prove a contract with the testator for extending the time of payment, even though his default has been taken.

2. SAME—*party in general against executor.* The statute allowing a party to be a witness, intends that it shall be only in cases where both parties are upon equal grounds, and it does not apply when one of the parties is a representative of a deceased person.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER & BROWN, for the appellant.

Mr. EDWARD P. KIRBY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Morgan circuit court, brought by the executors of John Dodsworth, deceased, against John C. Crabtree, James Langley and Presley A. Rosenberger, on a promissory note made to John Dodsworth. Default was taken against Crabtree and Rosenberger, and Langley pleaded that he executed the note as surety for Crabtree, for his accommodation, and, afterwards, Crabtree applied to Dodsworth to extend the time of payment, which Dodsworth agreed to do, and contracted to extend the time of payment one year if Crabtree would pay one year's interest in advance and procure Rosenberger as additional security, all which was done, and all without the knowledge or consent of Langley.

This plea was traversed and issue joined. Langley filed another plea, substantially the same as the foregoing, omitting the averment of an agreement by Crabtree to pay one year's interest in advance. This plea was also traversed and issue joined.

The jury found for the plaintiff, assessing the damages at five hundred and thirteen dollars and five cents, for which judgment was rendered. The defendant Langley appeals.

Appellant's case was made out, as he insists, by the testimony of Crabtree, one of the defendants, who had been defaulted. An objection was made to the admissibility of his testimony, by the plaintiffs, which was overruled and exception taken.

We have no doubt Crabtree was not a competent witness for the defendant. He was a party defendant himself, the plaintiffs suing in a fiduciary character, as executors, and came within the interdict of section 2, chapter 51, title "Evidence and Depositions," R. S. 1874, p. 488. *Boynton* v. *Phelps*, 52 Ill. 219; *Merrill* v. *Atkin*, 59 id. 19.

The statute intends, in allowing a party to be a witness, that

it shall be in cases only where both parties are upon equal ground. The representatives of a deceased person would be greatly at disadvantage if the opposing party should be permitted to testify, as there would be no one to confront him. The cases referred to settle the construction of this act.

Without the testimony of Crabtree—eliminating that from the record — there is, then, no testimony whatever that any agreement was made at any time between Dodsworth, the payee of the note, and Crabtree, to extend the time of payment. Even if there was, the testimony of McMillan goes far to show it was with appellant's consent, and so the jury found. We think the evidence was sufficient to sustain the verdict, and, excluding Crabtree's testimony, the case is left beyond doubt.

We do not perceive any substantial objections to any of the instructions, and seeing no error in the record the judgment must be affirmed.

*Judgment affirmed.*