EDWARD R. HENRY ET AL.

v.

LANSING C. TIFFANY.

EVIDENCE—ADMISSIONS OF DECEASED PARTY.—The statute prohibiting the testimony of a party to admissions of a deceased adverse party, applies as well to actions on penal bonds as to those upon simple contracts. The statute was intended to place the parties on equal footing before the court. When, therefore, one party seeks to charge another by his own testimony concerning any conversation or admission, he can be permitted to testify only when there remains on the other side a living witness to the same conversation or admission.

APPEAL from the County Court of Morgan county; the Hon. E. P. KIRBY, Judge, presiding. Opinion filed January 13, 1880.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellants; against the admission of evidence relative to admissions of a deceased party, cited Langley v. Dodsworth, 81 Ill. 86; Merrill v. Atkin, 59 Ill. 19; Stone v. Cook, 79 Ill. 424; Branger v. Lucy, 82 Ill. 91.

Messrs. EPLER & CALLON, for appellees.

McCULLOCH, J.   The only question we deem material to the decision of this case relates to the competency of appellee as a witness.   The suit is brought upon a penal bond executed by one George B. Henry as principal, and appellants as his sureties.   The condition of the bond substantially was that if said Henry, his heirs, executors or administrators, should well and truly pay or cause to be paid any and every indebtedness or liability then existing, or which might thereafter in any manner exist or be incurred on the part of said Henry to appellee as agent for the sale of certain machines, whether such indebtedness should exist in the shape of book accounts, notes, leases, renewals or extensions of notes or accounts, acceptances, in-

dorsements or otherwise, and if he should in all respects faithfully perform his duties as such agent, then the said obligation to be void, otherwise to remain in full force and effect. George B. Henry having died while acting as such agent, this suit is brought against his sureties upon the bond. The breaches of the conditions of the bond relied upon for a recovery, are that said Henry did not in his life-time nor have his heirs, executors or administrators since his death, paid or caused to be paid certain moneys collected by him on certain leases; nor the amounts due on certain leases indorsed by him; nor the amounts due on certain notes indorsed by him; nor the amounts due upon certain book accounts arising out of transactions between said Henry and appellee. The material averments in the declaration were put in issue by appellants' plea, upon which issues a trial was had before the court without a jury, and a judgment rendered in favor of appellee.

The evidence relied upon consisted of four promissory notes payable to the Singer Manufacturing Company, and by it indorsed to appellee without recourse, and guaranteed by George B. Henry and appellee; also eleven leases of sewing machines indorsed by the company to appellee and guaranteed in the same manner as the notes, together with the testimony of appellee in explanation thereof.

The statute of this State (Rev. Stat. 1874, page 486, sec. 4,) provides that: " In any action, suit or proceeding, by or against any surviving partner or partners, joint contractor or contractors, no adverse party or person adversely interested in the event thereof, shall, by virtue of section 1 of this act, be rendered a competent witness to testify to any admission or conversation by any deceased partner or joint contractor, unless some one or more of the surviving partners or joint contractors were also present at the time of such admission or conversation."

This statute applies to penal bonds as well as to any other class of contracts. Mestling v. Hughes, 89 Ill. 389. The action of debt on bond is purely an action *ex contractu* resting wholly upon an obligation which one or more persons enter into with another or others. The statute was intended to place

the parties upon equal footing before the court, and not to give one an undue advantage over the other. When, therefore, one party seeks to charge another by his own testimony, concerning any admission or a conversation, he can be permitted to testify only when there remains on the other side a living witness to the same admission or conversation. Langley v. Dodsworth, 81 Ill. 86; Merrill v. Atkin, 59 Ill. 19; Stone v. Cook, 79 Ill. 424; Branger v. Lucy, 82 Ill. 91.

There were no writings other than those mentioned, whereby the liability of the principal upon the bond could be established. It therefore became necessary to show it by parol evidence, and for this purpose appellee himself was put upon the stand. He was permitted to testify against the objections of appellants, not only to the genuineness of the several signatures of said Henry, attached to said notes and leases, but that the same were included in the bond under an arrangement between said Henry and himself. What that arrangement was the witness does not state, and we are, so far as this record shows, left in the dark as to the exact form or substance of the liability of Henry to appellee upon said papers. But the court found in favor of appellee upon his own testimony, there being no other evidence in the record to support the finding. Now this arrangement, whatever it was, must have been evidenced by writing, or else it rested wholly upon a verbal contract. If in writing, that would have been the proper evidence to prove what it was. If it rested in a verbal agreement, the words spoken constituted the contract. To have detailed these spoken words, would have been to detail either an admission on the part of Henry, or a conversation participated in by him. Of such an admission or conversation appellee was an incompetent witness, unless some one of the defendants was present thereat.

It will not do to say that appellee was not called upon to detail any such admission or conversation. This is all very true, but he was called upon and permitted to testify in a much more objectionable manner than if he had detailed a conversation *verbatim*. He was permitted to testify not only that he had an arrangement with Henry, but also to give its legal

effect without detailing its terms.    It is for the court to deter-
mine the legal effect of any transaction after having been fully
informed of its terms.    Witnesses cannot be permitted to usurp
the functions of the court or jury, nor can they be permitted
to evade the terms of the statute by testifying to the substance
and legal effect of words spoken without detailing the conver-
sation itself. For these reasons the judgment is reversed and the
cause remanded.

Reversed and remanded.