104 541:<br>76a 461.

Seth E. Hurlbut, for use, etc.

*v.*

Elizabeth Meeker, Ex'x.

*Filed at Ottawa November 20, 1882.*

1. WITNESS—*competency—against a deceased person's estate.* In a suit upon a promissory note executed by a partnership firm, against the estate of one claimed to have been a member of the firm, the other members of the firm, though not sued, are not competent as witnesses against the estate, they having an interest in the event of the suit.

2. EVIDENCE—*cross-examination limited to the matter elicited in chief.* Where a witness is called to prove a single fact only, as, the handwriting of a person, the opposite party will not be allowed, under the guise of a cross-examination, to enter upon a general examination of the witness, but the cross-examination will be confined to the examination in chief.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding.

Mr. W. B. Cunningham, for the appellant.

Mr. Robert Hervey, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Samuel E. Hurlbut, for the use of Eben Higgins, against Elizabeth Meeker, executrix of the estate of Joseph Meeker, deceased, to recover the amount due on a promissory note executed June 23, 1865, by Hurlbut Bros. & Co., payable to the order of S. E. Hurlbut, amount $405.40, due on demand, after date. It was claimed by the plaintiff that Joseph Meeker was a member of the firm of Hurlbut Bros. & Co. at the time the note was executed, and hence his liability as one of the makers of the instrument. On the trial of the cause in the circuit court, before a jury, a judgment was rendered in favor of the defendant. This judgment, on appeal, was affirmed in the Appellate Court.

As to the controverted questions of fact involved on the trial in the circuit court we have no concern. The affirmance of the judgment of the circuit court by the Appellate Court was a final settlement of these matters in favor of the defendant, which can not be reviewed here.

On the trial of the cause in the circuit court, appellant called J. B. Hurlbut as a witness, and also offered the deposition of D. N. Hurlbut as evidence. The offered evidence having been objected to, on the ground that the two witnesses were both members of the firm of Hurlbut Bros. & Co., and hence interested in the result of the suit, the court sustained the objection, and refused to allow the witness to testify or the deposition to be read to the jury, and this decision is assigned as error. Under section 2, chapter 51, Rev. Stat. 1874, a party to a civil action, or person directly interested in the event thereof, is not a competent witness where the adverse party sues or defends as executor, administrator, heir, legatee or devisee of any deceased person, with certain specified exceptions named in the act, in none of which does the present case fall. Under this statute, we are satisfied that neither J. D. Hurlbut nor D. N. Hurlbut was a competent

witness for the plaintiff. They were not made defendants in the action, but were directly interested in the event of the suit. They were members of the firm of Hurlbut Bros. & Co. at the time the note was executed, and were makers of the note in suit, and hence had a direct interest in the result of the pending action. *Langley* v. *Dodsworth, Ex'x.* 81 Ill. 86, is a case in point, and the same principle which governed the decision of that case must control here.

It is also said the witness J. B. Hurlbut was called by defendant, and examined at length by her, and plaintiff was deprived of the right to cross-examine the witness by the court. If this statement was correct the decision of the court would clearly be erroneous; but an examination of the record will show that the witness was called by the defendant simply to prove a handwriting, and the court confined the cross-examination, as it should have done, to the examination in chief. When a witness is called to prove a single fact, the opposite party, under the guise of a cross-examination, can not enter upon a general examination of the witness, but the cross-examination must be confined to the examination in chief. This rule, we apprehend, is well established by the authorities.

Exception was taken to certain instructions given by the court, but as no objections to the instructions have been pointed out or relied upon in the argument, we presume the exception has been abandoned.

As no substantial error appears in the record, the judgment will be affirmed.

*Judgment affirmed.*