## Charles D. F. Smith v. Augusta S. Billings et al., Executors of the Last Will of Albert M. Billings.

1. WITNESS—*Competency of Deposition After Death of Adverse
Party.*—When the deposition of a party to a chancery proceeding has
been taken in his own behalf, and pending the trial, the adverse party
dies, his executors being substituted, etc., the deposition so far as it re-
lates to transactions and conversations relating to the matter in contro-
versy between such party and the deceased, which were had during his
lifetime, is incompetent under the statute and is properly excluded.

In Chancery.—Bill to establish and enforce a trust. Trial in the Cir-
cuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.
Hearing and bill dismissed for want of equity; appeal by complainant.
Heard in this court at the March term, 1898. Affirmed. Opinion filed
May 26, 1898.

### STATEMENT.

The bill and amended bill in this case were exhibited by
appellant against A. M. Billings as sole defendant, to estab-
lish and enforce a trust in favor of appellant in respect to
certain stock which had been held by A. M. Billings, appel-
lees' testator, and sold by him for the sum of $60,960.

The testimony of appellant was taken in his own behalf
by deposition. At the taking of the deposition counsel for
A. M. Billings appeared before the notary public and cross-

Smith v. Billings.

examined appellant. In his testimony thus taken appellant gave details of various transactions and conversations between himself and Billings, and identified certain letters written by Billings, all of which was presented as supporting the allegations of appellant's bill of complaint. On October 1, 1894, this deposition was filed in the court below, where the cause was pending. On February 2, 1897, the cause came on for final hearing. Appellant offered and read in evidence the said deposition. A deposition of one Rew was read and several witnesses were examined on behalf of appellant. Counsel for Billings called appellant to be sworn and examined by them by way of further cross-examination.

Upon February 5, 1897, and after counsel for appellant had announced that his case was closed, the hearing was adjourned to February 9, 1897. In the interim between these dates, and during the adjournment, the defendant, A. M. Billings, died. It appears from the bill of exceptions that on February 9, 1897, the cause was passed until the 16th of February, 1897. On the latter date the death of A. M. Billings, sole defendant, was suggested as having occurred on February 7, 1897, and an order was entered that complainant have summons against appellees as executors, etc. The appearance of appellees was entered upon the same day, viz., February 16, 1897. On February 18, 1897, the cause being apparently still upon hearing, a motion was presented by appellees to exclude the testimony of the complainant (appellant) as to transactions, conversations and communications between appellant and A. M. Billings, which were had in the lifetime of said Billings, in relation to the alleged trust. This motion was granted, and all such testimony of appellant was excluded. No proffer of any further testimony in support of his bill of complaint was made by appellant. Thereupon the court decreed that the bill of complaint be dismissed for want of equity.

William P. Black, attorney for appellant, contended that "subsequent incompetency will not render inadmissible the deposition of a witness competent at the time it was taken."

Ency. of Pl. and Pr., Vol. 6, p. 572; citing Cameron v. Cameron, 15 Wis. 1; Keran v. Trice, 75 Va. 690; Smith v. Profit, 82 Va. 832; Sabine v. Strong, 6 Met. 270; Allen v. Russell, 78 Ky. 105.

"When a party deposes in his own behalf, his deposition is admissible after the death of the adverse party against the administrator or executor." Ency. of Pl. & Pr., Vol. 6, p. 631, citing Sheidley v. Aultman, 18 Fed. Rep. 666; McMullen v. Ritchie, 64 Fed. Rep. 253; Vattier v. Hinde, 7 Pet. (U. S.) 252.

WINSTON & MEAGHER, attorneys for appellees; FREDERICK S. WINSTON, JAMES F. MEAGHER, SILAS H. STRAWN, of counsel.

No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall, as to transactions, communications and conversations with a deceased person, be allowed to testify in said action of his own motion or in his own behalf, when any adverse party sues or defends as the executor of such deceased person. S. & C. Rev. Stat. of Ill., Chap. 51, Sec. 2.

Nor in such case will the deposition of said party, even though taken in the lifetime of the party whose personal representatives now defend, be competent as against such personal representatives. S. & C. Rev. Stat. of Ill., Chap. 51, Sec. 2; Trunkey v. Hedstrom, 131 Ill. 204; Kelsey v. Snyder, 118 Ill. 544; Langley v. Dodsworth, 81 Ill. 86; Henry v. Tiffany, 5 Ill. App. 548; Quick v. Brooks, 29 Iowa, 484; Zane v. Fink, 18 W. Va. 693; Park v. Locke, 48 Ark. 133, 2 S. W. Rep. 696; Hewllett v. George, 68 Miss. 703, 9 S. Rep. 885; Barker v. Hebbard, 81 Mich. 267, 45 N. W. Rep. 964; 29 Am. & Eng. Enc. of Law, 690.

In Illinois the rule as to the competency of evidence is the same in chancery as in law. Kelsey v. Snyder, 118 Ill. 544; Phillips v. Love, 54 Ill. App. 526.

MR. JUSTICE SEARS delivered the opinion of the court.

The questions presented are, first, did the court err in

excluding the testimony of appellant, and second, did the court err in dismissing the bill for want of equity.

If the appellant had proffered himself as a witness in his own behalf at the trial and after the death of the original defendant, Billings, and the substitution of appellees as defendants, no question could arise but that he must have been held incompetent under the provisions of Sec. 2, Chap. 51, Rev. Stat.   It is, however, contended by counsel for appellant that because his testimony was taken by deposition during the lifetime of Billings, and because such deposition was offered and read in evidence upon the hearing and during the lifetime of Billings, that therefore the testimony so presented, having been competent when presented, should be held as competent to be considered by the court in weighing all the evidence of the case and disposing of the issues as against appellees, although they defend as executors of Billings.

There is a conflict in the decisions of other States as to the admissibility of evidence like this, taken by deposition before the death of a party litigant, and the substitution of personal representatives, under provisions of statutes somewhat similar to the one here in question.

The decisions cited as holding that such evidence is competent are Comins v. Hetfield, 80 N. Y. 261; Matson v. Melchor, 42 Mich. 477 ; Smith, Ex'rs, v. Proffit's Adm'x, 1 S. E. Rep. (Va.) 67; LaFayette Mutual Bld. Ass'n v. Kleinhoffer, 40 Mo. App. 388 ; Marlatt v. Warwick, 19 N. J. Eq. 444; Pratt v. Patterson, 81 Pa. St. 114; Freyvogel v. Anderson, 91 Id. 265; Walbridge v. Knipper, 96 Id. 48; Neis v. Farquharsen, 9 Wash. 508; Sheidley v. Aultman, 18 Fed. Rep. 666 ; McMullin v. Ritchie, 64 Fed. Rep. 253.

The reasoning of all these decisions is that the proper test is the competency of the witness at the very time when the testimony is taken, whether by deposition or examination in open court.   They hold that if the witness be competent at the time he testifies, his competency can not be affected by the subsequent death of the adverse litigant.   It would seem that this reasoning is based upon analogy to the

doctrine of the common law, that when a witness is made incompetent by reason of interest (under the common law rule making parties in interest incompetent), yet the testimony of such witness, taken before his interest existed, is competent. The common law rule incapacitating an interested witness is based upon his supposed bias. The only objection to the testimony of an interested witness being his supposed bias, the reason of a rule which declares his testimony competent if taken before such interest and hence before such bias came into existence, is apparent. But the analogy is doubtful. Here the purpose and motive of the statutory rule is to preserve equality of litigants in the admission of the testimony of interested parties. It is because, and solely because, one litigant has deceased and can not be heard to give his version of mutual transactions that the surviving litigant is also debarred from presenting his version. It is the use of the testimony and the time of its use which should govern if the spirit and purpose of the statute is to be regarded. We do not think that the common law rule as to competency of testimony of an interested witness, when such testimony is taken before interest accrued, should by analogy govern here. The testimony, being such at the time it is to be considered by the court as would, if admitted, contravene the spirit and purpose of the statute, in that it would be in effect permitting the living litigant to bring his version of mutual transactions to the consideration of the court at a time when the adverse litigant has been precluded by death from answering such version of the mutual transactions, should, we think, be treated as incompetent under the statute. Decisions of other States are not wanting which support this interpretation. Quick v. Brooks, 29 Iowa, 484; Park v. Locke, 2 S. W. Rep. (Ark.) 696; Zane v. Fink, 18 W. Va. 693; St. Clair v. Orr, 16 Ohio St. 220.

The reasoning of these decisions may be best shown by quotation from them. In Quick v. Brooks, *supra*, the court said, in construing a statute similar to ours: "Within the meaning of this statute, when did plaintiff testify? At

the time his deposition was taken, or at the time of its use on the trial? We clearly think the latter. * * * The theory of the general statute, innovating, as it did, so thoroughly upon the rule of the common law, was, that the light should not be excluded because it might come from a possibly interested source, and hence, that those persons, the parties who were supposed to know more about a transaction in dispute than all others, should each be allowed to give their own version of the transaction, leaving the jury to judge of their credibility.

"But in perfect harmony with this general theory, and in the utmost accord with the reason of the law, it was deemed wise to provide that if one could not, by reason of death, give his version, neither shall the other. The want of opportunity to assist in the preparation of the cause by the decedent is not the sole ground for excluding the testimony of the survivor, nor by any means the principal ground. The prime reason is found in the inability of the party to oppose his statements, his testimony, to that of the surviving adversary. And this has been more than once announced as the reason of the law. Watson v. Russell, 18 Iowa, 80; Bradley v. Kavanagh, 12 Id. 273; Romans v. Hays, Id. 270; Shafer v. Dean, *ante*, 144."

In Park v. Locke, *supra*, the court said: "In an action by or against an administrator, in which judgment may be rendered for or against him, the opposing party to the record is not a competent witness to speak of personal transactions with, or statements by, the deceased. This is the written law of the State as found in section 2, schedule constitution 1874. The reason for it, it is said, is found in this, viz.: that experience teaches that it is the part of prudence and wisdom to provide that when one of the parties to a transaction is cut off from giving his version of it by death, the other shall not be heard. (McRea v. Holcomb, 46 Ark., p. 306.) The appellant's case is within both the letter and the reason of the law. He was a party to the record and offered to testify to statements made by a person who was at the time of the trial dead, and whose administrator was the opposing

party, and the testimony would have tended to augment the amount of the liability of the deceased's estate. The witness was competent, when the deposition was taken, because he deposed in the lifetime of his adversary; but in the meaning of the provision quoted above, he testified, or offered to testify by the use of the deposition, at the trial. He was then incompetent to detail statements made by the deceased."

In Zana v. Fink, *supra*, the court said : " If the deposition of a party is so taken and filed, whether taken and filed in the lifetime of the testator or not, as to any communication or transaction had by him personally with a decedent, such testimony is not competent to be used, or to be read against a defendant who is administrator of such decedent in a case at law, or in chancery.   *   *   *   I think that the want of opportunity to assist in the preparation of a cause by the decedent is not the sole ground for excluding the testimony of a party in his own behalf as to any communications or transactions had personally by such party with a decedent, as against a defendant who is administrator of such decedent.   *   *   *   The principal reason is found in the inability of the decedent, by reason of death, to oppose his statements—his testimony—to the adversary whose deposition has been taken in his own behalf, or whose testimony is so offered, in relation to such personal communications or transactions."

It is apparent that these decisions make the conditions existing at the time of the use of the testimony, and not such as exist at the time of the taking of it, govern its admissibility.

The Supreme Court of this State has not had occasion to construe this statute as applied to facts precisely similar to the facts here ; but that court has announced in a number of decisions its interpretation of the spirit and purpose of the statute, and has repeatedly defined it to be the intent of the act to preserve the equality of litigants, while removing the common law disability of interested witnesses.   Boynton v. Phelps, 52 Ill. 210; Merrill v. Atkin, 59 Id. 19; Alexander v. Hoffman, 70 Id. 114;  Whitmer v. Rucker, 71 Id.

410; Langley v. Dodsworth, 81 Id. 86. Hurlbut v. Meeker, 104 Id. 541; Plain v. Roth, 107 Id. 588; Ferbrache v. Ferbrache, 110 Id. 210; Kelsey v. Snyder, 118 Id. 544; Trunkey v. Hedstrom, 131 Id. 204; Butz v. Schwartz, 135 Id. 180; Henry v. Tiffany, 5 Ill. App. 548; Redden v. Inman, 6 Id. 55; Berdan v. Allan, 10 Id. 91.

In Whitmer v. Rucker, *supra*, the court said: "These explain and make the purpose of the statute manifest, and show, beyond all doubt, that it was not intended that one party to the suit should be a witness, when from death, etc., * * * the other party can not be heard to testify, etc. * * * This, like the other remedial statutes, has a spirit that extends beyond the mere letter, and it is the duty of the courts to so construe such statutes as to effectuate the objects of the law-makers, as gathered from the enactment."

In Butz v. Schwartz, *supra*, the court adopt and quote from the opinion of Mr. Justice Wall, as follows: "The object of the second section of the act referred to was to so limit the operation of the first section as to place parties upon an equal footing, and not to allow the estate of a deceased person, etc., * * * to be subjected to a disadvantage not possible if it were not for such death, etc.; and the courts have always endeavored to construe the statute according to its spirit, and not merely according to its letter."

In Berdan v. Allan, *supra*, this court, in approving the action of the trial court in excluding evidence as within the application of this statute, said: "The action of the court was clearly within the spirit of the statute, if not so clearly within its letter, and we think is fully sustained by the decisions of our own courts."

In Trunkey v. Hedstrom, *supra*, the facts were in some respects similar to the facts here. There, as here, it was sought to introduce evidence of a witness, made incompetent by the death of another, and the evidence had been taken in a former trial and prior to the death, which made the witness incompetent. In that case the evidence of the deceased

was also preserved and proffered, together with the evidence of the living interested witness. The court said: "That Trunkey would have been an incompetent witness at common law, must be conceded. That incompetency is removed by our statute, with certain exceptions, among which is the one above quoted. While the policy of this statute is to allow all persons to testify in civil suits, regardless of their interest in the event thereof, there is a studied purpose manifested in its various sections to put the parties upon an equality as to the evidence of such interested witnesses. (Langley v. Dodsworth, Ex'rs, 81 Ill. 86.) Whether Trunkey was allowed to testify on this trial or his former evidence was read to the jury, could make no difference. In either case the equality between the parties would be destroyed, Pratt being dead. The rule cited from Greenleaf has no application to the question here presented. The fact that in this particular case the testimony of the deceased agent was available to the defendants, can not change the rule prescribed by the statute. It was necessary for plaintiffs to make out their case, in the first instance, by competent proof. Until they had done so, the defendants were not called upon to introduce any evidence. Plaintiffs could not avail themselves of proof made incompetent by the statute, simply because defendants had in their possession testimony which would tend to overcome such incompetent evidence. The offered testimony was incompetent and properly excluded."

It is apparent from these decisions that our courts have not adopted the test applied by the courts whose decisions are cited by appellant, viz., the competency of the witness at the time of the taking of his testimony; but have always held to such application of the statute as would accord with its spirit and purpose.

To admit the testimony of the appellant as the basis of a recovery against appellees, who are defending as executors, would be, we think, clearly in contravention of the spirit of the statute. Nor do we view the fact that the deposition had been read before the death of Billings as changing the

rule. It is the use of the testimony in determining the issues upon the trial which the statutes preclude, and although the reading of the testimony to the court had been concluded before the death of Billings, yet appellant asked that the court consider, weigh and act upon this testimony after the death of Billings, and as against appellees, defending as his executors.

The statute which makes a bill of revivor unnecessary, provides in terms that after suggestion of death of a sole defendant, summons may be had against the legal representative, after which the suit "may proceed as if it had been originally commenced against him." Chap. 1, Sec. 11, Rev. Stat.

If this suit had been originally commenced against appellees, the testimony in question would have been incompetent. We are of opinion that the court did not err in excluding it.

After the exclusion of the testimony of the appellant there remained no evidence sufficient to sustain the allegations of the bill of complaint. No proffer of further evidence was made, and no request for further opportunity to procure evidence. Counsel for appellant complains that a certain stipulation was not put in evidence by appellees. But the additional record filed here discloses that counsel for appellees and the court acceded to the request of appellant that the stipulation might be included in the certificate of evidence. That it was not included in the certificate of evidence, as prepared and presented by appellant, can not now be complained of. Upon all the evidence remaining in the case after the exclusion of the testimony of appellant, we think the court was fully warranted in dismissing the bill for want of equity.

The decree is affirmed.

Mr. Presiding Justice Adams took no part in this decision.