Cornelia E. Rascoe, Executrix, v. Walker-Smith Company.

No. 1392. Decided April 13, 1905.

**1.—Partnership—Transaction With Decedent—Evidence of Codefendant.**

A defendant who has an interest in the suit adverse to his co-defendant, an executrix, will not be permitted to testify to transactions with the decedent affecting such interest, though called as a witness thereto by the plaintiff. Rev. Stats., art. 2302. (P. 569.)

**2.—Same—Calling by Opposite Party.**

In a suit against W. and the executrix of R. on a debt of W. & Co., in which firm it was claimed that R. had been a partner, it was error to permit W., who had not answered nor denied the partnership, to testify, at the instance of plaintiff and over the objection of the executrix, to transactions with R. showing that he was a partner. The interest of W. was adverse to the executrix, and was not, as to the issue thus presented, adverse to plaintiff, nor entitling the latter to call on him to so testify as an "opposite party" within the meaning of the statute. (Pp. 567-570.)

Question certified from the Court of Civil Appeals for the Third District in an appeal from the County Court of Coleman County.

*F. L. Snodgrass,* for appellant.—We respectfully insist that the co-defendant White can not be called by the plaintiff in this case, over the objection of Mrs. Rascoe, executrix, for the reason that the position of the parties on the record does not determine their character; that White within the meaning of the article is an opposite party to Mrs. Rascoe, and that his interests are practically identical, so far as the case is concerned, with the plaintiff; and that he can only testify when called by Mrs. Rascoe to transactions with her deceased husband. We submit that the very purpose and spirit of the statute, as well as the letter of same, would be violated by permitting this witness to testify as to conversations and transactions with the deceased, W. P. Rascoe, and thus permit the plaintiff through him to do what he

would not be permitted to do himself. His interest and the plaintiff's are identical, and they are both of them, within the meaning of this statute, opposite parties to the appellant, in so far as the transactions offered in evidence are concerned.

*G. N. Harrison,* for appellees.—T. W. White was an opposite party to appellee, within the meaning of the Revised Statutes, article 2302, and was called to the stand by appellee. Besides, he testified to no transaction with or conversation between appellee and appellant's decedent, but only to transactions and conversations between himself and appellant's decedent, and between the agents of appellee and the copartnership of which appellant's decedent was a member, had and conducted by himself, as a member of said firm. Sanders v. Kibbie, 94 Texas, 566; Hoxie v. Farmers Bank, 20 Texas Civ. App., 465; Bexar Bldg. and Loan Assn. v. Newman, 25 S. W. Rep., 463; Colonial and U. S. Mortgage Co. v. Thetford, 21 Texas Civ. App., 255; Peacock v. Stott, 90 N. C., 520; Roberts v. Yarboro, 41 Texas, 454; Bennett v. Frary, 55 Texas, 148; Hayward v. French, 78 Mass., 459; 2 Bates on Partnership, sec. 1170.

It is urged in appellant's written argument that the partnership having been dissolved before the indebtedness was created for which this suit was brought, then White owed the entire debt to appellees, and that his testimony would shift the debt from himself to the appellant, and that, being insolvent, he had such an interest in the controversy as to disqualify him under the circumstances. We submit, that, White being insolvent, the probabilities are that he would dread a judgment against him by Mrs. Rascoe as much as he would one by appellees. And we fail to see where he would escape liability to her by his testimony, if he had wrongfully failed to give notice of the dissolution of the firm, or by any wrong on his part caused a liability to accrue against W. P. Rascoe for which his executrix was liable. It appears to us, therefore, that the effect of this testimony would be nothing more than to change the party who might obtain a judgment against White.

But however all this may be, it appears to us to be very clear that appellee and White were opposite parties on the record in this case, and that appellee had the right therefore to call White to the stand, and that White's interest being one way or the other would not affect this right. Besides, it should be borne in mind that the transaction proved by White was not with appellant and was not a part of the transaction under which the indebtedness sued for accrued, but was a separate transaction between White and Rascoe, as an incident of which Rascoe put himself in an attitude to become liable to third persons by and through the acts of White. And, it having been universally held that this statute should be strictly construed, it is not believed that the court will extend its inhibition to include the cases at bar.

In addition to the authorities above cited, we desire to call the court's attention to the following: In 2 Bates on Copartnership, sec. 1171, it is said: "The adverse party may call the surviving partner as a witness; his place on the record, and not his presumed friendliness, settles the question of competency." To support this the author cited Packer v. Noble, 103 Pa. St., 188; White v. Tudor, 24 Texas, 639; and Tudor v. White, 27 Texas, 584.

GAINES, CHIEF JUSTICE.—This is a certified question from the Court of Civil Appeals for the Third Supreme Judicial District. The statement and question are as follows:

"The Court of Civil Appeals for the Third Supreme Judicial District of Texas certifies to the Supreme Court, that the above styled and numbered cause is now pending on the docket of this court, wherein judgment in the County Court was rendered against Mrs. Cornelia E. Rascoe, the wife of W. P. Rascoe, deceased, which judgment this court has determined to reverse and remand on grounds other than that presented in the question below stated, which is certified to the Supreme Court for their determination.

"This suit was brought by Walker-Smith Company against the firm of T. W. White & Co. and T. W. White, the surviving member thereof, and Mrs. Cornelia E. Rascoe as executrix of the estate of W. P. Rascoe, deceased. The suit is based upon two notes executed by T. W. White & Co., and the theory of the plaintiff's case is that W. P. Rascoe, deceased, was a member of the firm of T. W. White & Co., and was bound and liable on the notes; that Mrs. Rascoe succeeded to his estate as executrix, and for that reason it was sought to hold her liable, and upon the theory that her deceased husband was a member of the firm of T. W. White & Co., or if not actually a member, he permitted T. W. White to hold him out and state that he, Rascoe, was a partner of White, and that the two constituted the firm of T. W. White & Co.

"The evidence in the record justifies the conclusion that T. W. White, prior to and at the time that the judgment in this case was rendered, was insolvent. W. P. Rascoe at the time of his death was solvent, and left an estate of several thousand dollars, which was by will bequeathed to his wife, the appellant in this case, and which she had received and was in possession of at the time the judgment was rendered.

"Mrs. Rascoe in her answer denied that her deceased husband was a member or a partner in the firm of T. W. White & Co., and that he ever authorized White to state or represent that he was a partner, and she denied the partnership under oath, and denied any liability whatever to the plaintiff on the notes sued on.

"The plaintiff, in order to establish the partnership or the liability of Mrs. Rascoe, as alleged, placed T. W. White upon the stand as a witness in its behalf, whose evidence consisted of certain statements

and transactions that occurred between him and W. P. Rascoe, deceased, tending to establish the fact that a parnership did exist between the two under the name of T. W. White & Co.

"Under that provision of the statute that prohibits parties from testifying as to transactions and statements with a decedent, Mrs. Rascoe objected to White's testifying as to any statement or transaction that occurred between him and her deceased husband, tending to establish the partnership. The court overruled the objection and permitted White to testify to the effect that, by virtue of an agreement between him and Rascoe, the two were partners in the mercantile business under the name of T. W. White & Co. This evidence was further followed with testimony to the effect that the notes sued upon were executed by T. W. White & Co. for goods purchased from the appellees; and that if there was a dissolution of the firm of T. W. White & Co. at the time that the notes were executed, the appellees had no notice or knowledge of that fact; that they had been previously notified by T. W. White that W. P. Rascoe was a member of the firm of T. W. White & Co., and that upon the faith of that statement the goods were sold to T. W. White & Co. All the evidence in the record tending to establish that W. P. Rascoe was a member of the firm of T. W. White & Co. is that furnished by the witness T. W. White. In view of the fact that T. W. White was at the time that he testified practically insolvent and a party to the suit, and that the effect of esablishing the judgment against Mrs. Rascoe on the theory that her deceased husband was a partner, would have the effect of relieving White of at least one-half of the judgment that might be recovered by the appellees, it being shown by undisputed evidence that the property subject to execution received by Mrs. Rascoe from her deceased husband was and is in amount largely in excess of what would be necessary to pay off and satisfy the entire judgment recovered by the appellee—

"In view of the above statement, we certify to the Supreme Court the following question: Was White precluded from testifying under article 2302 of the Revised Civil Statutes? Or, in other words, did the trial court err in not sustaining the objections of Mrs. Rascoe to so much of the evidence of White as tended to establish transactions and statements occurring between him and her deceased husband, relating to the creation and establishment of a partnership between White and Rascoe?"

We are of the opinion that the question should be answered in the affirmative.

Article 2300 of the Revised Statutes provides that: "No person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding or interested in the issue tried." Article 2302 engrafts an exception on the rule so established in the following words: "In actions by or against executors, administrators or or guardians, in which judgment may be rendered for or against them

as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The statement upon which the question is based does not show whether or not White filed an answer. Under our statute he could not have put the existence of the alleged partnership in issue, except by pleading a denial under oath; and it seems to us that, if he had so pleaded, the Court of Civil Appeals would not have omitted to state so important a fact. Therefore in deciding the question, we shall assume that White did not plead a denial of the partnership and support it by his affidavit. In fact, the briefs in the Court of Civil Appeals which have been sent to us with the question show that White did not answer. Proceeding then upon the assumption that he did not deny under oath the existence of the partnership, we have this state of case: The plaintiff asserting the existence of the partnership, the defendant White admitting it, and the defendant executrix denying it. Very clearly we think the plaintiff and White were not opposite parties, and that the former had no right to call the latter as a witness under that clause of the article which permits a party to be examined, when "called to testify * * * by the opposite party."

In James v. James, 81 Texas, 373, it was held that a defendant could not testify either in her own behalf or on that of her codefendants, as to a transaction by her, with the husband of the plaintiff (the husband being dead and the plaintiff claiming as his heir). In that case the court says: "To hold that she is a competent witness in this case to testify to such transaction with the deceased, we think would operate practically to nullify and destroy the leading purpose of the statute prohibiting this character of evidence. If her testimony upon this point is admissible in behalf of her coappellants, on the same principle they would be certainly competent to testify in her favor in the same action. This, we think, would be in violation of the spirit of the statute." Without deciding whether a judgment in this case against Mrs. Rascoe would be res adjudicata upon the question of partnership as between her and White, it is manifest, as we think, that White had an interest in the result of the suit. Hence, if one defendant can not testify in behalf of codefendants, when such defendant has no interest in the suit as between the plaintiff heir and such codefendants, it would seem that a defendant who has an interest in the suit adverse to a codefendant executrix, for a stronger reason, should not be permitted to testify as to transactions with the deceased testator.

In the case of Langley v. Dodsworth, Executrix, 81 Ill., 86, the Supreme Court of Illinois construed a statute very similar to ours, and held that: "In a suit by an executor upon a promissory note to the

testator, the principal maker is not a competent witness for a surety, to prove a contract with the testator for extending the time of payment, even though his default has been taken." The case of Hurlbut v. Meeker, Executrix, 104 Ill., 541, by the same court, is more nearly in point. It was there held that: "In a suit upon a promissory note executed by a partnership firm, against the estate of one claimed to have been a member of the firm, the other members of the firm, though not sued, are not competent as witnesses against the estate, they having an interest in the event of the suit." In that case, if the alleged partners who were called to testify had been made parties defendant and had not answered, it would have been on all fours with the case under consideration. However, the statute of Illinois, unlike ours, excludes the testimony not only of parties to the suit, but also the testimony of interested witnesses, as to conversations and transactions with a deceased person, as against the executor or administrator of such decedent. It follows, as we think, that if, under the statute of Illinois, an alleged partner who is not a party to the suit can not testify as to the existence of the partnership between him and the testator of the defendant executor, for the same reason—if a party, his testimony would be incompetent under our statute although his interest would not alone disqualify him.

The statute of Colorado is the same as that of Illinois, and the Court of Appeals of the former State, in the case of Cooper v. Wood, 1 Colo. App., 101, held that: "In an action against two persons alleged to be copartners for the collection of a claim against the firm, wherein service of summons is made on one only, who answers denying the partnership and his own liability as well, but dies before trial of the issues, and his administratrix is substituted as defendant, the alleged surviving partner is not a competent witness for the plaintiffs under the statute to prove the partnership."

Since the plaintiff and defendant White were adverse to Mrs. Rascoe upon the issue to be tried, we think the testimony of White should have been excluded.