### Merchants & Farmers State Bank of Sullivan v. Estate of John A. Fearman, deceased.

1. VERDICT—*when set aside as against the evidence.* A verdict which is manifestly against the weight of the evidence will be set aside by the Appellate Court.

Contested claim in court of probate. Appeal from the Circuit Court of Shelby county; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

R. M. PEADRO and J. K. P. GRIDER, for appellant.

W. C. KELLEY and GEORGE B. RHOADS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant, the Merchants & Farmers State Bank of Sullivan, filed its claim against appellee, the estate

of John A. Fearman, deceased, to recover the amount of four promissory notes, aggregating $2,486.20, as follows: One for $802.50, dated February 15, 1904; one for $267.80, dated March 15, 1904; one for $536.25, dated April 15, 1904; and one for $500, dated April 25, 1904. Each of the said notes was signed "The Findlay Store Co., A. H. Terry, M'gr," and was payable to M. A. Frank, 6 months after date, and was indorsed in blank by the said Frank, without recourse. The administratrix of the estate of John A. Fearman, deceased, objected to the allowance of the claim and filed her affidavit denying that the notes had been executed by the deceased in his lifetime. By agreement, the cause was heard in the Circuit Court where there was a verdict and judgment in favor of appellee.

January, 1903, the deceased, John A. Fearman, and A. H. Terry formed a partnership for the purpose of conducting a mercantile business at Findlay, under the firm name of The Findlay Store Co., and the business was so conducted until the death of Fearman in May, 1904. The business commenced with a capital of $3,000, all of which was furnished by Fearman, who then resided at Shelbyville. The management of the business was, by agreement of the partners, entrusted exclusively to A. H. Terry, who resided at Findlay, and who purchased all merchandise, paid all debts of the firm, collected all accounts due the firm, and when the same was necessary in the transaction of the business of the firm signed the firm name, as the same appears on the notes here involved.

Homer Terry, a son of A. H. Terry, and a clerk in the employ of The Findlay Store Co. during the time the business of the firm was conducted was the only witness who testified upon the trial with reference to the transactions involving the notes in question. He testifies that he heard a conversation or conversations in the store between Fearman, A. H. Terry and Frank, the payee in the notes, about borrowing money; that Fearman and Terry talked about needing money in the

# 118     APPELLATE COURTS OF ILLINOIS.

Vol. .130.]     Mer. & Farm. St. Bk. v. Fearman.

store and Frank said he had money to loan; that Frank, who lived in Cincinnati, sent notes by mail to the firm for signature, and that the notes were signed by A. H. Terry and returned to Frank who, at the time the notes were signed, or shortly thereafter, sent the money to the firm; that the money so received from Frank was used in the business of the firm in the payment for merchandise in the store.

Appellant offered A. H. Terry, the surviving partner, as a witness in its behalf, but upon the objection of appellee he was not permitted to testify. The ruling of the court in this regard was correct. As against the administratrix of his deceased partner, the surviving partner was not a competent witness. Hurlbut v. Meeker, 104 Ill. 541.

The only evidence offered on behalf of appellee, was a statement of the affairs of the partnership on January 12, 1904, which the witness Homer Terry identified as having been made by A. H. Terry, and as being a correct statement of the business of the partnership on that date. The statement, so far as it is here pertinent, is as follows:

```
"Total mdse. on hand............   $5,868.76
 Accounts and tickets............      256.12
 Cash on hand and in bank........       77.58
 J. A. Fearman's account.........        7.75
 A. H. Terry's account...........      507.84
        Total invoice...................$6,718.05
```

Due in January...........   $249.19
"    " February..........    748.00
"    " March.............    303.65
"    "   "    ...........     21.00
"    " April.............     32.10
"    "   "    ...........    751.10
"    " May  .............    303.75        $2,408.79

Present worth .....................   $4,309.26
Less amount invested.............      3,000.00

Net profit .....................   $1,309.26"

We see nothing in the suggestion of appellee that this statement makes it improbable that the firm borrowed and used in its business the amount of money called for by the notes here involved, and that it is, therefore, contradictory of the testimony of the witness, Homer Terry. Rather, we are of the opinion that the statement corroborates the testimony of the witness. While the stock of merchandise inventoried $5,868.76, the accounts receivable amounted to but $256.12, and the cash on hand was only $77.58. It is manifest that the firm had increased its stock of merchandise to an amount out of proportion with its available operating capital, and that it had reached a point where it must either have more money or reduce its stock of merchandise in order to carry on its business without embarrassment. The notes appear to have been given at or about the time the several accounts payable for merchandise bought by the firm became due, and the aggregate amount of the notes approximates the amount of such indebtedness.

We cannot escape the conclusion that the verdict of the jury is clearly against the weight of the evidence in the case.

Appellant has no substantial ground for criticism of the action of the court in giving and modifying instructions. The judgment is reversed and the cause remanded.

*Reversed and remanded.*