Ester Pena GONZALEZ, Guardian of the Estate of Maria Ester Pena, a Minor, Appellant,

v.

Agnes MEEK, Individually and as Independent Executrix of the Estate of C. Meek, Deceased, et al., Appellees.

No. 13815.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 25, 1961.

Pope & Pope, Rio Grande City, for appellant.

Royce C. Johnston, Kingsville, for appellees.

BARROW, Justice.

This suit was brought by Ester Pena Gonzalez, Guardian of the Estate of Maria Ester Pena, a Minor, against Agnes Meek, Individually and as Independent Executrix of the Estate of C. Meek, Deceased, Homer Fergeson, named as trustee in a certain deed of trust executed by Antonio Pena, individually and as guardian of the estate of Maria Ester Pena, a minor, in favor of C. Meek as beneficiary to secure the pay-

ment of a certain note in the sum of $6,500, and Antonio Pena and wife, Rosenda Pena, to cancel, set aside and hold for naught the deed of trust and the trustee's deed from Homer Fergeson to Agnes Meek. The suit was also against other defendants, including Antonio Pena, on other claims not involved in this appeal. The trial court severed the issue of the validity of the above-mentioned deed of trust, which was tried in this proceeding, from the remainder of the issues involved in the main suit. In the trial of this severed issue before the court, judgment was rendered holding said deed of trust to be a valid lien on the property described therein, and that plaintiff take nothing.

Appellant predicates this appeal upon three points, as follows:

"Point No. 1: Appellant moves that the Honorable Trial Court erred in finding that the testimony of the defendant, Antonio Pena, was within the provisions of Article 3716, R.C.T.S., commonly referred to as the 'dead man's statute' and erroneously omitted the same from consideration, since the defendant, Antonio Pena is an 'opposite party' within the meaning and provisions of Article 3716.

"Point No. 2: That the Honorable Trial Court erred in holding that the Deed of Trust executed February 11, 1957, was a valid Deed of Trust when in truth and in fact the aforesaid instrument was executed without the provisions of Article 329, Sub-section 5 of the Probate Court (obviously meaning Probate Code) of the State of Texas.

"Point No. 3: Appellant moves that the Honorable Trial Court in finding for the defendants, Agnes Meek and Homer Fergeson is contrary to the great weight and authority."

It was stipulated by the parties that the property described in the . deed of trust: Lot One (1), in Block Six (6), of the

McBryde Acres Addition to the town of Kingsville, Kleberg County, Texas, was community property of Antonio Pena and his first wife, Panfila Pena, and that the minor, Maria Ester Pena, is the child of that marriage; that after the death of his first wife, Antonio married Rosenda Pena, his present wife; that on June 19, 1950, and July 31, 1950, respectively, he became the guardian of the estate of the minor, Maria Ester Pena; that on April 6, 1959, Antonio Pena was removed as such guardian, and on April 10, 1959, appellant became the guardian of said minor's estate.

Appellant called Antonio Pena as a witness. He testified over the objection of appellees to the conversations and transactions with the deceased, C. Meek, regarding the loan by said deceased and the deed of trust to secure said loan. The testimony was objected to on the ground that it violated the provisions of Article 3716, Vernon's Tex.Civ.Stats., commonly known as the "dead man's statute." The court permitted the witness to testify and took the objection under advisement, and at the conclusion of the testimony sustained the objection and excluded the testimony. The trial court was correct in so ruling.

The appellant contends that the witness Antonio Pena was an adverse party, and that she should have been permitted to call him to testify as to such matters. We agree with appellant that if Pena was in fact an adverse party, her contention would be correct, but we do not agree that he was an adverse party under the record in this case. It is true that appellant, as plaintiff, made him a party defendant, and that he filed an answer pleading not guilty and a general denial, but the record shows that he appeared only in person and made no defense, nor attempted to do so. The record in this case, including his own testimony, shows that, although he is a nominal party defendant, his interest in the suit is in fact allied with that of his daughter, the real plaintiff. His real interest in this suit is to set aside the deed of trust and not

to uphold it. He frankly so admitted. The rule is well settled that in applying the rule of the statute courts will consider the nature of the suit and the relative interest of the party whose testimony is offered, rather than the position he may occupy in the record. Where the interests of parties nominally arrayed on opposite sides are in fact identical or allied, neither party will be permitted to call the other to testify as to transactions with the decedent. Rascoe v. Walker-Smith Company, 98 Tex. 565, 86 S.W. 728; James v. James, 81 Tex. 373, 16 S.W. 1087; Leach v. Cassity's Estate, Tex.Civ.App., 279 S.W.2d 630; Hall v. Collins, Tex.Civ.App., 151 S.W.2d 338.

Coming to appellant's second point, it is not disputed that the proceedings in the Probate Court were regular and conformed to the provisions and requirements of Section 329 of the Probate Code. Appellant's complaint is that the statements in the application of the guardian, Antonio Pena, for authority to mortgage the property, that the property is not revenue producing and by constructing a five-room house thereon the property will become revenue producing, were false, as Antonio Pena had no intention of thereby making the property revenue producing, but intended to build a home for himself and his wife to live in. This proceeding is not a direct appeal from the orders of the probate court authorizing the making of the lien, nor is it a direct certiorari proceeding to review such orders, but constitutes a collateral attack upon the final orders and judgments of the Probate Court of Kleberg County, Texas. The Probate Court had the power, authority and jurisdiction to make the orders attacked in this suit. Section 329(5), Probate Code. A probate court acting within its constitutional statutory powers, is a court of general jurisdiction, and when so acting its judgments are immune from collateral attack. Dallas Joint Stock Land Bank v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046, 112 S.W.2d 173. Appellant's second point is overruled.

Appellant's third point is simply a reargument of the matters complained of under the second point, and is overruled for the reasons stated above.

The judgment is affirmed.