Gladys Pearl Lynn **DEFOELDVAR**,
Appellant,

v.

Gyann Zena Marie **DEFOELDVAR**,
Appellee.

No. 2–83–128–CV.

Court of Appeals of Texas,
Fort Worth.

March 1, 1984.

Gibson & Hotchkiss, and J. Keaton Grubbs, Wichita Falls, Kelly D. McGehee, Dallas, for appellant, Tracy Lynn Darnall.

D. Michael Dodd, Iowa Park, for appellee.

Before HUGHES, ASHWORTH and HILL, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from an action to determine heirship which was instituted in the County Court by G.P. Lynn Defoeldvar as surviving spouse of Zeno Schmidt Defoeldvar who died intestate. The persons named as potential heirs were G.P. Lynn Defoeldvar, Gyann Zena Marie Defoeldvar, Kelly Lee Smith, James Vernie Smith, III and Tracy Lynn Smith Darnall. Gyann Zena Marie Defoeldvar claimed to be an heir of the deceased by his prior marriage. The other three children are the natural children of G.P. Lynn Defoeldvar and are claiming to be heirs of Zeno Defoeldvar by equitable adoption. G.P. Lynn Defoeldvar and Gyann Zena Marie Defoeldvar were established as heirs at a pre-trial hearing.

A jury trial then proceeded on the claims of the other three children. After presentation of the case-in-chief, the court granted a directed verdict and rendered judgment denying the children's claims and establishing G.P. Lynn Defoeldvar and Gyann Zena Marie Defoeldvar as the heirs of the estate of Zeno Defoeldvar.

We affirm.

Appellants raise several points of error questioning the exclusion of evidence under the Dead Man's Statute and the Hearsay Rule. They also question the court's finding of insufficient evidence to show equitable adoption. Due to our holding in this case, we find it necessary to address only three of appellant's points.

In their second and sixth points of error, appellants complain of the exclusion of certain evidence under the Dead Man's Statute. TEX.R.CIV.STAT. art. 3716 (Vernon 1925). Some of the evidence being complained of was a so-called agreement between G.P. Lynn Defoeldvar and the deceased in which the deceased expressed a desire to adopt his stepchildren. This was the only evidence appellants sought to bring of an agreement to adopt. They argue that the evidence was improperly excluded because Lynn Defoeldvar was not a party to the suit, or alternatively, she was called to testify by the opposite party.

■ At the time of trial, TEX.REV.CIV. STAT. art. 3716 (Vernon 1925) read as follows:

In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent.

Lynn Defoeldvar had not been qualified as administratrix of the estate at the time of trial. She was, however, the applicant in the proceedings to determine heirship and she was listed as a potential heir. As this court has stated previously, the word "party" as used in TEX.R.CIV.STAT. art. 3716 (Vernon 1925) means "a person who has a direct and substantial interest in the issue to which the testimony relates and who is either an actual party to the suit or will be bound by any judgment entered therein." *Rozelle v. Smith*, 324 S.W.2d 627 (Tex.Civ. App.—Fort Worth 1959). Mrs. Defoeldvar has a direct interest in the issue of who the heirs of the estate are and she is an actual party and will be bound by the judgment.

■ In determining whether Lynn Defoeldvar was called to testify by the "opposite" party the courts look to the nature of the suit and the relative interest of the parties rather than their position on the record. *Magids v. American Title Insurance Co.*, 459 S.W.2d 238 (Tex.Civ.App.— Houston [1st Dist.] 1970), *rev'd in part on other grounds*, 473 S.W.2d 460 (Tex.1971). In the case of *Rascoe v. Walker-Smith Co.*, 98 Tex. 565, 86 S.W. 728 (1905), plaintiff sued White and Mrs. Rascoe, executrix, upon notes owed by a partnership. The plaintiff was relying on the existence of a partnership which White admitted existed. Mrs. Rascoe denied the existence of the partnership. The Supreme Court held any testimony elicited from White by the plaintiff as to the existence of the partnership was improper. They stated:

The plaintiff asserting the existence of the partnership, the defendant White admitting it, and the defendant executrix denying it. Very clearly we think the plaintiff and White were not opposite parties, and that the former had no right to call the latter as a witness under that clause of the article which permits a party to be examined, when "called to testify ... by the opposite party."

*Rascoe v. Walker-Smith Co., supra*, at 729.

■ In this case, the only claim of heirship denied by Lynn Defoeldvar was that of the natural daughter of the deceased, Gyann Zena Marie Defoeldvar. In

not denying and demanding strict proof of the equitable adoption of the other three children, she was admitting their claim. Under the reasoning of *Rascoe v. Walker-Smith Co., supra,* Lynn Defoeldvar and her three children claiming heirship through equitable adoption cannot be considered "opposite" parties. The trial court did not err in excluding the testimony of Lynn Defoeldvar. The second point of error is overruled.

The evidence that appellants claim the adoptive children should have been allowed to testify to under their sixth point of error concerned an agreement to adopt and the parent-child relationship and family activities which existed between the children and the deceased. They argue that public policy dictates against the injustice of the Dead Man's Statute, since the statute was repealed and rewritten as TEX.R.EV. 601(b) (Vernon 1983). The new rule reads as follows:

(b) In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any *oral statement* by, the testator, intestate or ward, unless that testimony to the oral statement is corroborated or unless the witness is called to testify thereto by the opposite party; and, the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent based in whole or in part on such oral statement. Except for the foregoing, a witness is not precluded from giving evidence of or concerning any transaction with, any conversations with, any admissions of, or statement by, a deceased or insane party or person merely because the witness is a party to the action or a person interested in the event thereof. (Emphasis ours).

■ Appellant's point is without merit because even under the new statute they would be incompetent to testify. No written agreement to adopt was presented at trial so that any agreement to adopt be-

tween the deceased and the children would have to have been oral. No corroboration of any oral statements was offered by other witnesses. Therefore, the testimony was properly excluded, even under the new rule. The sixth point of error is overruled.

We now turn to the question raised in appellant's first point of whether the trial court erred in rendering a directed verdict. In reviewing this point we must determine whether the evidence was sufficient to raise the issue of equitable adoption.

■ In order to establish adoption by estoppel there must be proof of an agreement to adopt, reliance on that agreement and performance by the child. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972 (1951). The contract to adopt is the basis of the doctrine of equitable adoption and it must consist of a present promise to adopt, as opposed to a mere desire or intention to adopt in the future. *King v. Heirs & Beneficiaries of Watkins,* 624 S.W.2d 252 (Tex. Civ.App.—Tyler 1981, no writ). There was no direct evidence in this case of an agreement to adopt. This is not necessary however because the contract may be proven by the acts, conduct and admissions of the parties and other relevant facts and circumstances. *Cavanaugh v. Davis, supra.*

■ In reviewing the record here, we find no acts, conduct or admissions that would indicate any sort of an agreement to adopt. There was evidence that a loving relationship existed between the deceased and his stepchildren and that they all acted as a family. The children did live with the deceased for a period of time but there was evidence that one of the children had already reached maturity at the time he began residing with the deceased. There was also evidence that the deceased referred to the children as "his kids" on occasion. A birthday card that was introduced into evidence however was signed, "Mom and Zeno". Mr. Defoeldvar should be commended for accepting responsibility for helping to raise his stepchildren and showing them the love and affection that he did. The evidence does not show, however, that he ever made an agreement with anyone to adopt his stepchildren.

The mother's testimony in the Bill of Exceptions showed that on two occasions the deceased had expressed a desire to adopt the children if that was what the children wanted. There was no evidence, however, that adoption was ever discussed with the children. Also, as stated earlier, a mere desire to adopt is not enough to show an agreement.

The court did not err in rendering a directed verdict as there was no evidence of an agreement to adopt which is a necessary element to show equitable adoption. The first point of error is overruled. We have reviewed the other points and find no error.

Affirmed.