**Linda Lee Cullum SPIERS; Sammy Eugene Cullum; Martha Lanelle Cullum Burrell; Helene Elizabeth Cullum Sangster; and the Heirs of David Cullum, Appellants,**

v.

**Deborah Kaye Bridges MAPLES, and Bobbie Faye Huntington Cross, a/k/a Terri Moody, Appellees.**

No. 2-97-268-CV.

Court of Appeals of Texas, Fort Worth.

May 21, 1998.

John W. Crumley, P.C., John W. Crumley, Fort Worth, for Appellants.

Donald R. Pierson, II, Donald R. Pierson, II, Timothy E. Malone, Timothy E. Malone, Fort Worth, for Appellees.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellants challenge the trial court's determination of heirship declaring Bobbie Faye Huntington Cross a/k/a Terri Moody (Cross) the daughter and sole heir of Corita J. Moody (Moody) under the doctrine of adoption by estoppel. We affirm.

### I. BACKGROUND

Moody raised a number of children, in several groups. She referred to and treated all of them as her own. Many of them were in and out of her home at various times. At least four children were raised primarily together and truly thought of themselves as Moody's own children: Cross, Sherri Rene Bridges Von Stoi (Von Stoi), Deborah Kay Bridges Maples (Appellee), and Ronnie Bridges (Bridges). Moody died intestate and unmarried on January 13, 1995. Moody's sister, Linda Lee Cullum Spiers (Spiers), filed an application to determine heirship, asserting that Moody had no children and that none were adopted by her. The application listed Moody's sisters, one brother, and the descendants of a predeceased brother as the heirs to Moody's estate. Appellee also filed an application to determine heirship, asserting that she and Cross were Moody's natural or adopted children. Appellee's application listed only herself and Cross as heirs of the estate. The parties stipulated all facts necessary to enter judgment on Spiers's application, unless Appellee proved Moody's adoption by estoppel of Cross and/or Appellee. The trial court found that Cross was Moody's daughter under the doctrine of adoption by estoppel and declared Cross the sole heir at law of Moody's estate. Appellee does not appeal the implicit denial of her claim.

### II. SUFFICIENCY OF PLEADINGS

■ In their first two issues, Appellants complain that Appellees' application for determination of heirship and subsequent trial amendment did not properly plead adoption by estoppel. Appellants' first issue complains specifically that the trial court erred by determining that use of the word "adopted" was sufficient to plead adoption by estoppel.

All defects, omissions, or faults in a pleading, either of form or of substance, that are not specifically pointed out by *exception in writing* and brought to the attention of the judge in the trial court before the judgment is signed are waived and cannot be made the basis of a reversal on appeal. *See* TEX.R. CIV. P. 90. Appellants made no special exception to Appellees' pleadings. When the error was brought to the trial judge's attention at the beginning of trial, the court stated that all parties were aware of the issue before the court. The court also stated that Appellee had pleaded adoption "in the general sense," and found that the pleadings included adoption by estoppel. The court noted that "we have all discussed what the issues were to be tried today." The court further announced that it would allow a liberal trial amendment to add more specific pleadings.

■ Pleadings are to be liberally construed in favor of the pleader, particularly when the complaining party has not filed any special exceptions. *See Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex.1993) (op. on reh'g); *Crockett v. Bell,* 909 S.W.2d 70, 72 (Tex. App.—Houston [14th Dist.] 1995, no writ). Rule 45 of the Texas Rules of Civil Proce-

dure requires that pleadings give fair notice of the claim or defense asserted. The purpose of the fair notice requirement is to provide the opposing party with enough information to prepare a defense or answer to the defense asserted. *See Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 494 (Tex.1988); *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982). Pleadings are sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated. *See Boyles,* 855 S.W.2d at 601; *Gulf, Colorado & Santa Fe Ry. Co. v. Bliss,* 368 S.W.2d 594, 599 (Tex.1963).

The trial court made it clear that all parties were aware adoption by estoppel was the issue to be tried. Further, although Appellants were on notice of the true cause of action, they did not specially except to Appellees' pleadings. Therefore, the trial court did not err by construing the pleadings liberally to include adoption by estoppel.

We overrule issue one.

Appellants' second issue contends that Appellees' trial amendment also failed to plead adoption by estoppel sufficiently to support the judgment. Because we have held that Appellees' original pleadings were sufficient, the sufficiency of the trial amendment is irrelevant. Further, the trial amendment merely added allegations; thus, it was also sufficient.

We overrule issue two.

### III. THE TRIAL AMENDMENT AND SECOND JUDGMENT

█ In issue three, Appellants contend the trial court abused its discretion by vacating the judgment, accepting a trial amendment, and entering a new, identical judgment after the motion for new trial had been overruled by operation of law. This issue is meritless.

The trial court signed the original judgment declaring heirship on April 4, 1997. Appellants timely filed a motion for new trial on May 2, 1997. The motion was overruled by operation of law on June 18, 1997. *See* TEX.R. CIV. P. 329b(c). The court retained plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for 30 days after the motion was over-

ruled by operation of law, until July 18, 1997. *See* TEX.R. CIV. P. 329b(e). The trial court vacated the original judgment, accepted the trial amendment, and signed the second judgment on July 8, 1997, while it had plenary power to do so. Appellants urge that the trial court abused its discretion by these actions. We disagree. The trial court was completely within the rules of procedure and within its discretion. Furthermore, it would have been an abuse of discretion for the court to refuse the post-verdict trial amendment unless (1) the opposing party presented evidence of surprise or prejudice, or (2) the amendment asserted a new cause of action or defense, and thus was prejudicial on its face. *See State Bar of Texas v. Kilpatrick,* 874 S.W.2d 656, 658 (Tex.) *cert. denied,* 512 U.S. 1236, 114 S.Ct. 2740, 129 L.Ed.2d 860 (1994); *Libhart v. Copeland,* 949 S.W.2d 783, 797 (Tex.App.—Waco 1997, no writ). Clearly, neither was the case here.

We overrule issue three.

### IV. SUFFICIENCY OF THE EVIDENCE OF ADOPTION BY ESTOPPEL

By their fourth and fifth issues, Appellants contend that the evidence presented at trial was legally insufficient or, alternatively, factually insufficient to establish that an agreement to adopt existed or that Cross was adopted by estoppel.

### A. FINDINGS OF FACT AND CONCLUSIONS OF LAW

█ Appellants requested findings of fact and conclusions of law. However, none were ever filed and Appellants did not file a notice of past due findings as required by Rule 297. *See* TEX.R. CIV. P. 297. Where no findings of fact or conclusions of law are filed, the trial court's judgment implies all necessary findings of fact in support of it. *See Pharo v. Chambers County,* 922 S.W.2d 945, 948 (Tex.1996). Where a complete reporter's record is filed in the record, however, these implied findings are not conclusive and Appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *See Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). Where such issues are raised, the standard of review is the

same as in the review of jury findings or a trial court's findings of fact. *See id.* Where the implied findings of fact are supported by the evidence, it is our duty to uphold the judgment on any theory of law applicable to the case. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987). This is so regardless of whether the trial court articulates the correct legal reason for the judgment. *See Harrington v. Railroad Comm'n,* 375 S.W.2d 892, 895 (Tex. 1964); *Dale v. Finance Am. Corp.,* 929 S.W.2d 495, 497–98 (Tex.App.—Fort Worth 1996, writ denied).

■ Appellants urge us to look to the trial court's statements at the close of the hearing as findings of fact and conclusions of law. However, we are "not entitled to look to any comments that the judge may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law." *In re W.E.R.,* 669 S.W.2d 716, 716 (Tex.1984); *See also Sharp v. Hobart Corp.,* 957 S.W.2d 650, 654 (Tex.App.—Austin 1997, no pet. h.).

### B. STANDARDS OF SUFFICIENCY OF THE EVIDENCE

In determining a "no-evidence" issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *See Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *See Leitch,* 935 S.W.2d at 118.

■ A "no-evidence" issue may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *See*

*Juliette Fowler Homes, Inc. v. Welch Assocs.,* 793 S.W.2d 660, 666 n. 9 (Tex.1990) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX. L. REV. 361, 362–63 (1960)). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact. *See Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992).

An assertion that the evidence is "insufficient" to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination. *See Jaffe Aircraft Corp. v. Carr,* 867 S.W.2d 27, 29 (Tex.1993).

### C. ADOPTION BY ESTOPPEL

■ The courts will recognize a child's right to inherit by adoption under the equitable theory of estoppel when efforts to adopt are ineffective because of failure to strictly comply with statutory procedures or because, out of neglect or design, agreements to adopt are not performed. *See Heien v. Crabtree,* 369 S.W.2d 28, 30 (Tex.1963); *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 974 (1951); *Luna v. Estate of Rodriguez,* 906 S.W.2d 576, 579 (Tex.App.—Austin 1995, no writ). The supreme court first set forth the requirements to establish a cause of action for adoption by estoppel in *Cavanaugh,* 149 Tex. at 576, 235 S.W.2d at 974. The court stated that, short of a legal adoption,

> The effort to comply with the statute [or] the agreement to adopt … are a necessary predicate for the interposition of the equity powers of the courts to decree an adoption by estoppel in favor of one who, acting under and by virtue of such defective proceeding or such agreement, confers affection and benefits upon the other.

In no case has this court upheld the adoptive status of a child in the absence of proof of an agreement or contract to adopt.

*Id.* at 577, 235 S.W.2d at 974. The court also stated that the existence of an agreement could be proved by the acts, conduct, and admissions of the parties and other relevant facts and circumstances, and that direct or written evidence was not necessary. *See id.* at 578, 735 S.W.2d at 975. Equitable adoption must be proved by a preponderance of the evidence. *See Moran v. Adler,* 570 S.W.2d 883, 885 (Tex.1978).

In *Luna,* the Austin Court of Appeals engaged in an exhaustive analysis of *Cavanaugh* and cases construing it in order to enumerate the elements necessary to plead and establish adoption by estoppel. *See Luna,* 906 S.W.2d at 579–81. The court explained that courts' interpretations of the requirements set out in *Cavanaugh* have been somewhat inconsistent. *See id.* at 579–80, 235 S.W.2d 972. Courts have consistently required evidence of some agreement to adopt and some performance by the child, at least in the form of conferring affection and other services on the parent. *See id.* at 580 n. 4, 235 S.W.2d 972; *Adler v. Moran,* 549 S.W.2d 760, 763 n. 3 (Tex.Civ.App.—San Antonio 1977) (noting that "performance by the child" is nothing more than conferring love, affection, and other benefits on the adoptive parent), *rev'd on other grounds,* 570 S.W.2d 883, 889 (Tex.1978); *see also Defoeldvar v. Defoeldvar,* 666 S.W.2d 668, 671 (Tex.App.—Fort Worth 1984, no writ).

■ However, some courts have construed these statements to require proof of reliance on the agreement by the child, while others have not. *See Luna* 906 S.W.2d at 579–80 (and cases cited therein). The *Luna* court concluded that the child's knowing reliance on an agreement to adopt is not a necessary element of equitable adoption. Rather, to prove reliance the evidence need only show that the child conferred affection and benefits on the adoptive parent as the natural result of believing herself to be in a parent-child relationship with the adoptive parent. *See id.* at 580. This holding does not conflict with *Cavanaugh.* The claimant in *Cavanaugh* did not know until adulthood that her adoptive parents were not her natu-

ral parents; thus, she could not have relied on an agreement to adopt her. *See Cavanaugh,* 149 Tex. at 580, 235 S.W.2d 976. The *Cavanaugh* court affirmed the trial court's ruling of no adoption by estoppel because the record contained some evidence to support the trial court's finding of no agreement to adopt, not because there was no evidence of reliance. *See Id.* at 579, 584, 235 S.W.2d at 976, 978. We believe this is sound reasoning and follow our sister court in holding that the elements necessary to establish an adoption by estoppel are (1) the existence of an agreement to adopt and (2) performance by the child. The child need not prove that she knew about the agreement to adopt and acted in reliance on that agreement. To the extent our prior decision in *Defoeldvar* conflicts with this holding, it is overruled. 666 S.W.2d at 671.

### D. REVIEW OF THE EVIDENCE

■ Cross testified that her name was Terri Moody until she got married at age 21 and changed her name to Bobbie Fay Huntington Cross.[1] Although she did not know precisely when she came to live with Moody, Cross stated that she had no memories of living anywhere else and did not know until she was 21 that Moody was not her natural mother. She discovered that fact when she got a copy of her birth certificate in order to get married. Cross testified that she and Moody celebrated birthdays and Christmas together as a family and that Moody was responsible for her education and discipline. Cross treated Moody like her mother, provided her with love and affection, and helped take care of Moody when she was ill. Cross testified that she has never met, seen, spoken to, or sought out her biological mother.

Appellant introduced Moody's 1989 tax return into evidence. The return was prepared for Moody by Von Stoi's husband but bore Moody's signature. Moody listed Cross as a dependent for the tax year and designated the relationship as "daughter." Appellant also introduced an application for a life insurance policy signed by Moody, designating Cross as a co-beneficiary and listing the rela-

---

**1.** Bobbie Fay Huntington is the name listed on Cross's birth certificate and Cross is her married name.

tionship as "daughter." Furthermore, Linda Pritchard testified that she was a secretary at the Lake Worth School District when Cross was a student there. She stated that Cross was always registered and known as Terri Moody at least during the three years she was in junior high school, and that Moody was always registered as her mother. Pritchard was surprised to learn at trial that Moody was not Cross's natural mother.

Helen Sangster, one of Moody's sisters, testified that she was present when Cross's natural mother, Wanda Faye Huntington (Huntington), gave Cross to Moody. Her understanding of the exchange was that Huntington was "giving up that child ... giving it to [Moody]." The arrangement was to be permanent. Cross's natural father ultimately divorced Huntington over her decision to give the child away.

We hold that the evidence is legally and factually sufficient to support the trial court's implicit findings that there was an agreement to adopt Cross and that Cross performed by conferring love, affection, and other benefits on Moody. Thus the evidence is sufficient to support the judgment that Moody adopted Cross by estoppel.[2] Accordingly, we overrule issues four and five.

### V. Conclusion

We overrule Appellant's issues asserting pleading error and error in vacating and replacing the judgment. We hold that the elements necessary to establish an adoption by estoppel are (1) evidence of an agreement to adopt and (2) performance by the child. Because Appellees presented sufficient proof of both these elements, we overrule Appellants' issues asserting insufficient evidence. The trial court's judgment is affirmed.

---

**2.** The evidence adduced in *Cavanaugh* was extremely similar to this case. *See Cavanaugh*, 235 S.W.2d at 972. We realize that in *Cavanaugh* the Texas Supreme Court ultimately denied the adoptive status of the child. However, the trial court in *Cavanaugh* had denied adoptive status to the plaintiff, and the appellate court had reversed, holding that an agreement to adopt was established as a matter of law. The *Cavanaugh* court, then, was charged exclusively with determining whether *any* evidence existed that could have led to the conclusion that no agreement existed. We are charged with the opposite in this case. We must determine whether the evidence supports the trial court's finding that Cross *was* adopted by estoppel.