02-09-025-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-09-00025-CV

 


 
 
 Metro A, LLC, Sun Holdings, LLC, POP Restaurants,
 LLC, Golden Restaurants, Inc., Firebrand  Properties, LP, Corral Group, LP,
 Kansas Corral, LLC, Sunny Corral Management, LLC, Guillermo Perales, Frys
 Management, LLC, TAG CORRAL, LLC, AND INDIE CORRAL, LLC
 
 
  
 
 
 APPELLANTS
 
 
 
 
 V.
  
 
 
 
 
 Jessica Polley
 
 
  
 
 
 APPELLEE
 
 


 

----------

 

FROM THE 48th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellants
Metro A, LLC; Sun Holdings, LLC; Pop Restaurants, LLC; Golden Restaurants,
Inc.; Firebrand Properties, LP; Corral Group, LP; Kansas Corral, LLC; Sunny
Corral Management, LLC; Guillermo Perales; Frys Management, LLC; TAG Corral,
LLC; and Indie Corral, LLC (collectively, Appellants) appeal the default
judgment against them and in favor of Appellee Jessica Polley.  

          The
notice of this appeal was filed in January 2009.  Since that time, several of
the appellants filed for bankruptcy protection, and we administratively abated
the appeal on two separate occasions pending the bankruptcy court’s lifting the
automatic stay.  In June 2010, the bankruptcy court issued an order lifting the
bankruptcy stay with respect to this appeal.  In addition, we abated this appeal
so that the trial court could enter a written order memorializing Polley’s
nonsuit of An-Mar Companies, LLC and a severance of Polley’s claims against
Denar Restaurants, LLC.  Because of the bankruptcy filings, there are now two
groups of Appellants, the Debtor Appellants[2] and the Non-Debtor
Appellants,[3] and each group filed a
brief.  

Appellants
collectively contend in seven issues (and in other arguments not listed in
their statement of issues) that the trial court erred by granting the default
judgment against them because (1) seven of the Appellants were not properly
served with Polley’s original petition, (2) two of the Non-Debtor Appellants
did not exist in 2004 when Polley suffered her underlying injury, (3) Polley’s
pleading did not provide fair notice or allege a cause of action recognized by
Texas law, (4) Polley offered no evidence at the default judgment hearing of a
causal nexus between Debtor Appellants’ conduct and her injuries, and (5)
Appellants were not provided notice of the default proceeding.  Appellants also
contend that the trial court erred by overruling their motion for new trial
because they submitted evidence sufficient to satisfy each of the Craddock
factors.[4]  We affirm.

II. 
Background

          In
2004, Polley filed suit against nonparty Metro Restaurants, LLC (Metro
Restaurants); Burger King Corporation; BK Magic Holdings, LLC; Derric Keith
Jones; and Fernando Legaria alleging that she was sexually assaulted while
working as an employee of Metro Restaurants.  The lawsuit proceeded to a jury
trial in May 2007, and the trial court signed a judgment against Metro
Restaurants in July 2007 for $869,172.95, including actual damages and
prejudgment interest.  

          In
July 2008, Polley filed a new lawsuit against Metro Restaurants and fourteen new
defendants,[5] alleging that Metro
Restaurants and the other defendants had engaged in fraudulent transfers to
prevent her from collecting the July 2007 judgment.  Metro Restaurants filed
for bankruptcy eight days after Polley filed the July 2008 lawsuit.[6]

          In
September 2008, Polley filed the instant lawsuit.  With the exception of Metro
Restaurants, the defendants in this lawsuit are the same defendants that
Polley sued in July 2008.[7]  Relevant to this appeal,
Polley’s September 2008 original petition alleged the following:

IV.  BACKGROUND
INFORMATION

 

Plaintiff, JESSICA
POLLEY, now aged nineteen (19) and a former employee of Metro Restaurants, LLC,
was sexually assaulted on multiple occasions at the BURGER KING #13903, located
at 101 West Euless Blvd., Euless, Tarrant County, Texas.  These sexual assaults
occurred on multiple occasions when the Plaintiff was fifteen (15) years of age
and while employed by Metro Restaurants, LLC.  The perpetrator of these sexual
assaults was Derric Jones, employee and supervisor for Metro Restaurants, LLC.

 

V.  CAUSE OF ACTION

 

Defendants, METRO A,
LLC; DENAR RESTAURANTS, LLC; SUN HOLDINGS, LLC; POP RESTAURANTS, LLC; GOLDEN
RESTAURANTS, INC.; FIREBRAND PROPERTIES, LP; CORRAL GROUP, LP; KANSAS CORRAL,
LLC; SUNNY CORRAL MANAGEMENT, LLC; FRYS MANAGEMENT, LLC; TAG CORRAL, LLC; INDIE
CORRAL, LLC[;] AN-MAR COMPANIES, LLC; and GUILLERMO PERALES, Individually, are
jointly and severally liable for the negligence of Metro Restaurants, LLC. 
Accordingly, Plaintiff seeks such damages from the above-named Defendants. 

 

Polley’s
original petition did not include any other factual allegations or legal
theories. 

          Polley
elected to serve Appellants by certified mail, and the return receipts in the
appellate record were signed as received between September 17 and 22, 2008. 
Based on these service dates, Appellants’ answer deadline was October 13, 2008.[8] 
See Tex. R. Civ. P. 99(b).  On October 10, 2008, three days before the
answer deadline, the legal assistant for Appellants’ prior counsel filed a
letter with the trial court that included an attached “Notice of Chapter 7
Bankruptcy filing of Metro Restaurants, LLC.”  

On
October 15, 2008, the trial court signed a no-answer default judgment against
Appellants for $957,011.63, which is the amount of the July 2007 judgment plus
postjudgment interest.  Appellants filed a motion for new trial on November 13,
2008, contending that their failure to answer was not intentional or a result
of conscious indifference because of a calendaring mistake and because the
lawsuit was subject to the automatic stay that resulted from nonparty Metro
Restaurants’s bankruptcy filing.  The trial court conducted an evidentiary
hearing on the motion on December 3, 2008, but took the matter under advisement
at the conclusion of the hearing.  The trial court did not otherwise rule on
the motion for new trial, and it was overruled by operation of law.  See
Tex. R. Civ. P. 329b(c).  This appeal followed.

III. 
Default Judgment

          Appellants
contend that the trial court erred by granting the default judgment against
them because (1) some of the Appellants were not properly served with Polley’s
petition, (2) Polley’s pleading did not provide fair notice or allege a cause
of action recognized by Texas law, (3) Polley presented no evidence at the
default judgment hearing of a causal link between Debtor Appellants’ conduct
and her injuries, (4) Appellants were not provided notice of the default
proceeding, and (5) two of the Non-Debtor Appellants did not exist at the time
of Polley’s 2004 sexual assault.

A. 
Service of Citation

          Non-Debtor
Appellants contend in their first issue, and Debtor Appellants contend in an
unnumbered issue, that the trial court erred by granting the default judgment
against seven of the Appellants[9] because they were not
properly served with citation.  Specifically, Appellants argue that someone
other than the registered agent for six Appellants and someone other than
Guillermo Perales signed the return receipts that allegedly established service
by certified mail. Polley responds that Non-Debtor Appellants judicially
admitted that they were served on September 17 and 18, 2008. 

          To
support their argument concerning improper service, Appellants rely heavily on
the Texas Supreme Court’s opinion in Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990).  In Wilson, the supreme court held that “[a]ctual notice to
a defendant, without proper service, is not sufficient to convey upon the court
jurisdiction to render default judgment against him” and that “[a]bsent
service, waiver, or citation, mere knowledge of a pending suit does not place
any duty on a defendant to act.”  Id. at 836–37.  However, Appellants do
not mention another part of the Wilson opinion that expressly
acknowledges that a defendant may waive a complaint concerning defective
service by conceding the issue.  See id. at 837.  Although the Wilson
court held that the defendant in that case had only admitted receipt of the
lawsuit rather than service of the lawsuit, it cited two courts of appeals
opinions—one of which is from this court—and discussed the distinction between
admitting receipt of a lawsuit (and thus having actual knowledge of it) and
admitting service of a lawsuit.  See id. (citing First Nat’l Bank v.
Peterson, 709 S.W.2d 276, 280 (Tex. App.—Houston [14th Dist.] 1986, writ
ref’d n.r.e.), and Hurst v. A.R.A. Mfg. Co., 555 S.W.2d 141, 142 (Tex.
Civ. App.—Fort Worth 1977, writ ref’d n.r.e.)).

          In
Peterson, the bank made statements in its appellate brief such as “[t]he
writ was served on November 15” and “[o]n the day the writ was served,” and the
bank’s president stated in his motion for new trial affidavit, “[O]n November
15, 1984, I was personally delivered a copy of Peterson’s Application for Writ
of Garnishment after Judgment.”  709 S.W.2d at 280.  The court held that the
bank judicially admitted proper service.  Id.[10]

In
this case, Appellants’ motion for new trial began:  

NOW COME Defendants,
Metro A, LLC, Denar Restaurants, LLC, Sun Holdings, LLC, Pop Restaurants, LLC,
Golden Restaurants, Inc., Firebrand Properties, LP, Corral Group, LP, Kansas
Corral, LLC, Sunny Corral Management, LLC, Guillermo Perales, Fries [sic]
Restaurant Management, LLC, TAG Corral, LLC, and Indy [sic] Corral, LLC
(collectively, “Defendants”), in the interest of justice and fairness, and
bring this Motion for New Trial.  In support thereof, Defendants show the
following: 

 

1.  Plaintiff served
Defendants on or about September 17 and 18, 2008. 

 

Appellants’
motion for new trial and attached exhibits included no other statements or references
to the fact or sufficiency of the service of the citations. 

Unlike
the scenario in Wilson, and very similar to the scenario in Peterson,
Appellants’ motion for new trial made no distinction between mere receipt and
service of the lawsuit and did not otherwise challenge the validity of
service.  Compare Wilson, 800 S.W.2d at 837, with Peterson,
709 S.W.2d at 280.  Had Appellants done so, they would not have judicially
admitted proper service.[11]  Cf. Smith v. U.S.
Auto. Acceptance 1995-I, Inc., No. 05-98-00061-CV, 2000 WL 375249, at *2
(Tex. App.—Dallas Apr. 13, 2000, no pet.) (not designated for publication)
(considering context of alleged judicial admission, noting challenge to service
in motion for new trial and on appeal, and holding the appellant did not admit
being “duly served”).  But because Appellants clearly and unequivocally
admitted being served on or about September 17 and 18, 2008, we hold that
Appellants judicially admitted and have waived their complaint concerning the
validity of service.  See Wilson, 800 S.W.2d at 837; Peterson,
709 S.W.2d at 280; Hurst, 555 S.W.2d at 142.  We overrule Non-Debtor
Appellants’ first issue and Debtor Appellants’ unnumbered issue raising this
complaint.

B. 
Sufficiency of Polley’s Pleading

          Debtor
Appellants argue in their first issue and Non-Debtor Appellants contend in
their second issue that the trial court erred by granting default judgment
because Polley’s original petition is substantively defective.  Specifically,
Appellants argue that Polley’s original petition does not allege facts
sufficient to provide fair notice of her claims and that the only cause of
action purportedly alleged—joint and several liability—is a damages
apportionment theory rather than an independent cause of action recognized by Texas
law.     A default judgment is erroneous if the petition does not give fair
notice to the defendant of the claim asserted.  Paramount Pipe & Supply,
Inc. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988).  Rules of civil procedure 45
and 47 govern pleadings and require them to give fair notice of the claim
asserted.  See id.; see also Tex. R. Civ. P. 45, 47.  Rule 45
requires “plain and concise language” and further provides, “That an allegation
be evidentiary or be of legal conclusion shall not be grounds for objection
when fair notice to the opponent is given by the allegations as a whole.”  Tex.
R. Civ. P. 45.  Rule 47 requires that an original petition include “a short
statement of the cause of action sufficient to give fair notice of the claim
involved.”  Tex. R. Civ. P. 47.  The purpose of the fair notice requirement is
“to provide the opposing party with sufficient information to enable him to
prepare a defense.”  Paramount, 749 S.W.2d at 494.  “Pleadings are
sufficient if a cause of action or defense may be reasonably inferred from what
is specifically stated.”  Spiers v. Maples, 970 S.W.2d 166, 169 (Tex.
App.—Fort Worth 1998, no pet.).

          In
Baker v. Charles, 746 S.W.2d 854, 855 (Tex. App.—Corpus Christi 1988, no
writ), Baker contended that Charles’s petition could not support the judgment
because it contained no specific allegation of negligence.  As described by the
Baker court, 

The petition state[d]
that, on a specific date and at a specific place, the defendant was operating a
motor vehicle and ran into the plaintiff, who was driving his vehicle, causing
personal injuries to plaintiff and damage to his vehicle, that plaintiff’s
behavior was not a contributing cause, but that ‘the occurrence in question was
proximately caused by the negligence, as that term is understood in law, of the
Defendant.’

 

Id. 
Noting that a “plaintiff does not have to set out specific acts of negligence
in his petition for it to support a default judgment,” the court held that the
petition provided fair notice of Charles’s negligence claim.  Id. at 856.

          In
this case, Polley’s petition alleged that she was sexually assaulted by an
employee and supervisor for Metro Restaurants while she was also employed by
Metro Restaurants.  Her petition further alleged that Appellants “are jointly and
severally liable for the negligence of Metro Restaurants” and that she sought
damages from Appellants.  Although Polley’s petition clearly would have been
subject to special exceptions, it set forth sufficient information to provide
Appellants with fair notice that Polley sought to recover damages from
Appellants because they were legally responsible for Metro Restaurants’s
negligence.  In other words, the petition alleges a cause of action for
negligence and that Appellants were jointly and severally liable for that
negligence.  See id.; see also Paramount, 749 S.W.2d at 494–95
(stating that plaintiff not required to “set out in his pleadings the evidence
upon which he relies to establish his asserted cause of action” and holding
that pleading provided fair notice to principal by alleging purported agent was
“acting for itself and for” principal despite not containing specific
allegations against principal).  Thus, while joint and several liability is not
an independent cause of action, see K-Bar Servs., Inc. v. English, No.
03-05-00076-CV, 2006 WL 903735, at *5 (Tex. App.—Austin Apr. 7, 2006, no pet.)
(mem. op.), Polley’s petition alleged a cause of action for negligence, and we
hold that although Polley’s petition would have been subject to special exceptions,
it pleaded a recognized cause of action against Appellants and provided them
with notice sufficient to prepare a defense.[12]  We therefore overrule
Debtor Appellants’ first issue and Non-Debtor Appellants’ second issue.

C. 
Sufficiency of Evidence

          Debtor
Appellants also contend in an unnumbered issue that the trial court erred by
granting default judgment against them because Polley presented no evidence of
a causal link between their conduct and Polley’s injuries. 

          When
a default judgment is taken against the defendant, all allegations of material
fact set forth in the petition are deemed admitted except the amount of
unliquidated damages, and the default judgment conclusively establishes the
defendant’s liability.  Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d
80, 83 (Tex. 1992); Morgan v. Compugraphic Corp., 675 S.W.2d 729, 731
(Tex. 1984). In order to determine unliquidated damages, the trial court must
hear evidence regarding damages.  Tex. R. Civ. P. 243.  

A “plaintiff
must [present evidence] establish[ing] two causal nexuses in order to be
entitled to recovery:  (a) a causal nexus between the defendant’s conduct and
the event sued upon; and (b) a causal nexus between the event sued upon and the
plaintiff’s injuries.”  Morgan, 675 S.W.2d at 731.  “From the rule that
a default judgment conclusively establishes the defendant’s liability, it
follows that a default judgment admits that the defendant’s conduct caused the
event upon which the plaintiff’s suit is based.”  Id. at 732.  

Debtor
Appellants contend that Polley offered no evidence at the default hearing that
they caused her to suffer any injuries or damages.  Specifically, Debtor
Appellants argue that Polley’s pleading does not contain any assertion that
Appellants “in any way operated or controlled Metro Restaurants”; “had any
control or authority over [the perpetrator], much less the ability to prevent
his assault of [Polley] at the Burger King”; or “had any control or authority
over [Polley], much less the ability to require her to be subjected to [the
perpetrator’s] assaults.”  They further argue that Polley failed to present
evidence at the default hearing supporting any common law theory of joint and
several liability.  But Debtor Appellants confuse the two types of causal nexuses
required by Morgan, and they attempt to change the event sued upon from
the sexual assault to Polley’s alleged inability to collect the 2007 judgment. 


By
failing to answer, Debtor Appellants admitted the factual allegations in
Polley’s pleading and their liability for the event sued upon, i.e. the sexual
assault.  See id.  Polley was therefore not required to present evidence
of Debtor Appellants’ common law liability.  See id.  Instead, Polley
was required to present evidence at the default hearing that the sexual assault
caused her damages.  See id. at 732–33.  This distinction is best
described by the Morgan opinion itself, in which the supreme court
explained as follows:

Morgan alleged in her
petition that Compugraphic negligently installed a typesetting machine, or,
alternatively, installed a defective typesetting machine, and that as a result
of this conduct chemical fumes were released into Morgan’s office, causing her
a variety of injuries.  The event sued upon is thus the release of chemical
fumes into Morgan’s office.  By its default, Compugraphic admitted that its
negligence was a proximate cause of the release of chemical fumes into Morgan’s
office.  Compugraphic further admitted by its default that a defect in the
typesetting machine was a producing cause of that event.  However, Compugraphic’s
default did not establish that the release of chemical fumes caused Morgan any
injuries.  At the Rule 243 hearing, Morgan had the burden of presenting
competent evidence of a causal nexus between the release of chemical fumes and
her alleged injuries.

 

Id. 
Applying Morgan to this case, the event sued upon is Polley’s sexual
assault, and Debtor Appellants’ default admitted that their negligence was a
proximate cause of the sexual assault, just as Compugraphic admitted that its
negligence proximately caused the release of chemical fumes into Morgan’s
office.  See id.  Polley was not required to present evidence that
Debtor Appellants’ negligence proximately caused her sexual assault.  See
id.

Debtor
Appellants’ default did not, however, admit that the sexual assault caused
Polley any injuries because “a defaulting defendant does not admit that the
event sued upon caused any of plaintiff’s alleged injuries,” and this rule “is
entirely consistent with the rule that a judgment taken by default admits all
allegations of fact set out in the petition, except for the amount of damages.” 
Id. at 732.  Polley was therefore required to prove by competent
evidence the amount of her unliquidated damages and that the injury for which
damages are sought was proximately caused by the sexual assault.  See id.;
Paradigm Oil, Inc. v. Retamco Operating, Inc., 242 S.W.3d 67, 72 (Tex.
App.—San Antonio 2007, pet. denied).

          Debtor
Appellants argue that the 2007 judgment is no evidence of the damages claimed
in Polley’s petition because Polley “offered no testimony or evidence that
[Appellants] engaged in any conduct that directly or indirectly resulted in her
only claimed injury—her inability to collect the [2007] judgment” and because “the
mere existence of the [2007] judgment (which no one dispute[s]) is no evidence
of the causal nexus between the event sued upon (‘joint and several’ liability
‘for the negligence of Metro [Restaurants]’) and [Polley’s] only alleged injury
(her inability to collect the [2007] judgment).”  But Debtor Appellants again
attempt to construe Polley’s injury as her inability to collect the 2007
judgment and omit that they admitted their liability for the sexual assault by
failing to answer.  See Morgan, 675 S.W.2d at 732–33; Thomas v.
Martinez, 217 S.W.3d 680, 684 (Tex. App.—Dallas 2007, pet. struck) (“[A]
default judgment admits that the defendant’s conduct caused the event upon
which the plaintiff’s suit is based.”).  Polley’s injury as alleged in her
petition is the injury she suffered as a result of the sexual assault, not her
alleged inability to collect the 2007 judgment.  Indeed, Polley’s petition does
not mention or allude to the 2007 judgment.  Moreover, the 2007 judgment is
some evidence of the damages Polley suffered as a result of the sexual
assault.  We overrule Debtor Appellants’ unnumbered issue challenging the
sufficiency of the evidence at the default hearing.

D. 
Notice of Default Proceeding

          Debtor
Appellants contend in part of their second issue, and Non-Debtor Appellants
argue in their fourth issue, that the trial court erred by granting the default
judgment because they were not provided notice of the default judgment
proceeding.  Polley responds that Appellants failed to preserve this complaint
for appeal because they did not present it to the trial court in their motion
for new trial. 

          To
preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling, if they are not apparent from the context of
the request, objection, or motion.  Tex. R. App. P. 33.1(a).  If a party fails
to do this, error is not preserved, and the complaint is waived.  Bushell v.
Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  This rule applies to
a party’s contentions concerning the alleged lack of notice of default judgment
proceedings and alleged due process violations concerning the alleged lack of
notice.  See HBA East, Ltd. v. JEA Boxing Co., Inc., 796 S.W.2d 534,
538–39 (Tex. App.—Houston [1st Dist.] 1990, writ denied), cert. denied,
501 U.S. 1218 (1991) (holding defendants waived challenge, including due
process complaint, to lack of notice of default judgment hearing by failing to
urge the issue in a motion for new trial).

          Here,
Appellants filed a motion for new trial but did not contend in the motion for
new trial or at the hearing on the motion for new trial that they did not
receive notice of the default judgment proceeding.  Thus, Appellants failed to
preserve this complaint for appellate review, and we overrule this part of
Debtor Appellants’ second issue and all of Non-Debtor Appellants’ fourth issue.

E. 
Appellants Allegedly Not in Existence in 2004

          Non-Debtor
Appellants contend in their third issue that the trial court erred by granting
default judgment against Sun Holdings, LLC and Sunny Corral Management, LLC
because neither entity existed in 2004 when Polley’s sexual assault occurred. 
However, Non-Debtor Appellants’ entire argument on this issue is contained
within two paragraphs that do not set forth any citation to legal authority.  See
Tex. R. App. P. 38.1(i); Fredonia State Bank v. Gen. Am. Life Ins. Co.,
881 S.W.2d 279, 284 (Tex. 1994) (discussing “long standing rule” that issue may
be waived due to inadequate briefing).  We overrule Non-Debtor Appellants’
third issue as inadequately briefed.

IV. 
Denial of Motion for New Trial

          Debtor
Appellants contend in the remainder of their second issue and Non-Debtor
Appellants contend in their fifth issue that the trial court abused its
discretion by overruling their motion for new trial because they submitted
evidence sufficient to satisfy each of the Craddock factors. 

A. 
Applicable Law

          A
default judgment should be set aside and a new trial granted when the
defaulting party establishes that (1) the failure to appear was not intentional
or the result of conscious indifference, but was the result of an accident or
mistake, (2) the motion for new trial sets up a meritorious defense, and (3)
granting the motion will occasion no delay or otherwise injure the plaintiff.  Dolgencorp,
288 S.W.3d at 925; Craddock, 133 S.W.2d at 126.  We review a trial
court’s refusal to grant a motion for new trial for abuse of discretion.  Dolgencorp,
288 S.W.3d at 926; Cliff v. Huggins, 724 S.W.2d 778, 778 (Tex. 1987).  When
a defaulting party moving for new trial meets all three elements of the Craddock
test, then a trial court abuses its discretion if it fails to grant a new
trial.  Dolgencorp, 288 S.W.3d at 926; Old Republic Ins. Co. v. Scott,
873 S.W.2d 381, 382 (Tex. 1994).  When a party’s proof in support of a motion
for new trial under Craddock is not controverted, the trial court may
not disregard it.  Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.,
186 S.W.3d 571, 576 (Tex. 2006) (citing Dir., State Employees Workers’ Comp.
Div. v. Evans, 889 S.W.2d 266, 269 (Tex. 1994)); see Strackbein v.
Prewitt, 671 S.W.2d 37, 38–39 (Tex. 1984) (stating that it is “sufficient
that the movant’s motion and affidavits set forth facts which, if true, would
negate . . . consciously indifferent conduct”).

          “Intentional
or conscious indifference for purposes of Craddock means ‘that the
defendant knew it was sued but did not care.’”  Hampton-Vaughan Funeral Home
v. Briscoe, 327 S.W.3d 743, 747–48 (Tex. App.—Fort Worth 2010, no pet.) (quoting
Fidelity, 186 S.W.3d at 576).  A defendant’s mere negligence does not
show conscious indifference.  Id. at 748; see Levine v. Shackelford,
Melton & McKinley, L.L.P., 248 S.W.3d 166, 169 (Tex. 2008) (“[T]he
complete definition of conscious indifference amounts to more than mere
negligence.”).  A defendant must offer some excuse for the failure to appear at
trial, which need not necessarily be a good excuse.  See Briscoe, 327
S.W.3d at 748; Sharpe v. Kilcoyne, 962 S.W.2d 697, 701 (Tex. App.—Fort
Worth 1998, no pet.) (“Even a slight excuse may justify a new trial.”).  In
other words, a “failure to appear is not intentional or due to conscious
indifference . . . merely because it is deliberate; it must also be without
adequate justification.  Proof of such justification—accident, mistake or other
reasonable explanation—negates the intent or conscious indifference for which
reinstatement can be denied.”  Smith v. Babcock & Wilcox Constr. Co.,
913 S.W.2d 467, 468 (Tex. 1995) (holding that failure to appear at trial was
not consciously indifferent when party’s attorney requested continuance and
mistakenly understood continuance would be granted).  The party seeking a new
trial has the burden to prove the lack of intent or conscious indifference.  Liberty
Mut. Fire Ins. Co. v. Ybarra, 751 S.W.2d 615, 617–18 (Tex. App.—El Paso
1988, no writ).

B. 
Discussion

          Appellants
argue that they presented uncontroverted evidence that they did not file an
answer because their prior trial counsel mistakenly believed that the case was
subject to an automatic stay based on Metro Restaurants’s bankruptcy filing. 
Debtor Appellants further argue that their failure to file an answer was the
result of a calendaring error because their administrative assistant
incorrectly calendared the answer date as October 20, 2008, rather than the
actual answer date of October 13, 2008, before sending the citations to outside
counsel.  

          1. 
Motion for New Trial Testimony

          Two
witnesses testified at the hearing on Appellants’ motion for new trial: 
Desiree Hall and Richard Dobbyn.  Appellants also offered, and the trial court
admitted, excerpts from the deposition of Luis Ibarguengoytia.[13] 


Hall
testified that she works for Appellant Sun Holdings, that Sun Holdings is an
administrative office for the other entities, that her duties include
calendaring legal matters and giving them to outside counsel, and that she
performs the same duty for all of Appellants.  She testified that when she receives
a citation, she reviews it, calendars the answer date, and gives it to outside
counsel with her notation of the calendar date for the answer.  She further
testified that she received the citations around September 18, 2008; that she
put an answer date of October 20 on her calendar for all of Appellants; that
she sent the petitions to outside counsel; and that she mistakenly calendared
an answer date of October 20 rather than the correct answer date of October 13.
Hall testified that the calendaring error was her mistake and that it was not
intentional or the result of conscious indifference.  Hall later clarified that
she could not say whether she did in fact provide outside counsel with an
answer date of October 20 but testified that it is her practice to inform
outside counsel of her calculated answer date.  

On
cross-examination, Hall testified that she sent the petitions to outside
counsel well in advance of October 15 and that she certainly did so before
October 13.  Hall further testified that she defers to counsel on legal matters
such as “making a decision regarding filing of answers,” that she did not make
a decision about filing answers, and that she could not speak for counsel as to
why an answer was not filed before December 3 (the date of the motion for new
trial hearing).[14] 

Dobbyn
testified that he is also employed by Sun Holdings and that he oversees some of
the litigation against the companies for which Sun Holdings provides
administrative services, including the instant lawsuit, by communicating with
outside counsel.  Dobbyn also testified about each of Appellants and the nature
of their businesses, and he explained that Appellants are not related to Metro
Restaurants.  On cross-examination, Dobbyn testified that he learned of the
default judgment in this case on October 20.  In that regard, the trial court
stated at the hearing that it would “take judicial notice of the file that
there was no answer filed on the 20th.” 

2. 
Bankruptcy Stay

As
mentioned above, all Appellants contend that their failure to file an answer
was not intentional or a result of conscious indifference because their prior
counsel believed that Metro Restaurants’s bankruptcy stayed this litigation,
even though Metro Restaurants is not a party to this case.  However, Appellants’
prior counsel did not testify at the motion for new trial hearing and did not
provide an affidavit in support of the motion for new trial, nor did any of Appellants’
witnesses testify that Appellants failed to file an answer due to their or their
counsel’s belief that Metro Restaurants’s bankruptcy stayed the proceedings in
this lawsuit.  We hold that the trial court did not abuse its discretion to the
extent that it determined that this alleged excuse for not filing an answer was
not supported by sufficient evidence.  We therefore overrule this portion of
Debtor Appellants’ second issue and all of Non-Debtor Appellants’ fifth issue.

3. 
Calendaring Error

Debtor
Appellants also contend that Hall’s calendaring error negates their conscious
indifference.  In this regard, the trial court asked at the hearing how
Appellants were going to show that Hall’s calendaring error was the cause of
the failure to answer given that Hall testified that she delivered the citation
to outside counsel and outside counsel filed the notice of Metro Restaurants’s
bankruptcy before the actual answer date of October 13.  The trial court
further stated that it believed Hall’s “mistake would have to be a cause of the
late filing” and that it was concerned about “piling [an] inference on an
inference” by assuming that Appellants’ prior counsel failed to file an answer
because he relied on Hall’s calendaring error.  In addition to the trial
court’s express comments, we note that the trial court took judicial notice of
the absence of an answer on October 20, the date that Hall testified she
calculated as the answer date; that Appellants’ prior counsel did not testify
at the hearing; and that Appellants therefore offered no evidence that their
prior counsel relied on Hall’s calendaring error.

          We
have held that “unbelievable and internally inconsistent excuses” cannot meet
an appellant’s burden of proof to show the lack of conscious indifference.  Folsom
Invs., Inc. v. Troutz, 632 S.W.2d 872, 875 (Tex. App.—Fort Worth 1982, writ
ref’d n.r.e.) (citing Munson v. State, 576 S.W.2d 440, 442 (Tex. Civ. App.—Austin
1978, writ ref’d n.r.e.)).  In other words, while the cases cited above state
that a trial court may not disregard uncontroverted evidence from a Craddock
movant, the trial court may certainly compare that evidence to other evidence
submitted by the movant.  See id.  In this case, we conclude that it was
not arbitrary or unreasonable for the trial court to conclude that Appellants’
excuses for not filing an answer were either not supported by sufficient
evidence or were internally inconsistent.  See Munson, 576 S.W.2d at 442
(“[T]he trial judge is not required to grant a new trial merely upon the
advancement of an excuse, no matter how unbelievable.”); see also Titan
Indem. Co. v. Old S. Ins. Group, Inc., 221 S.W.3d 703, 711 (Tex. App.—San
Antonio 2006, no pet.) (“[T]he trial court is to determine credibility and . . .
we cannot substitute our opinion for the trial court’s when there is evidentiary
support for the trial court’s conclusion.”); Martinez v. Martinez, 157
S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (stating that in
a Craddock review, the trial court is the “sole judge of the credibility
of the witnesses and the weight to be given to their testimony”).

          Because
the trial court could have reasonably determined that Appellants’ reasons for
not filing an answer were not supported by sufficient evidence or were not credible,
we hold that the trial court could also have reasonably found that Appellants’
failure to file an answer was intentional or consciously indifferent, rather
than negligent or mistaken.  See Briscoe, 327 S.W.3d at 746–47.  Because
we hold that the trial court did not abuse its discretion concerning the first Craddock
element, we need not address the other two Craddock elements.  See
Tex. R. App. P. 47.1; Cont'l Cas. Co. v. Davilla, 139 S.W.3d 374, 382
(Tex. App.—Fort Worth 2004, pet. denied).  We overrule the remainder of Debtor
Appellants’ second issue.

V. 
Conclusion

          Having
overruled each of the Debtor Appellants’ and Non-Debtor Appellants’ issues, we
affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  September 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]The Debtor Appellants are
Denar Restaurants, LLC; Golden Restaurants, Inc.; Kansas Corral, LLC; Sunny
Corral Management, LLC; TAG Corral, LLC; and Indie Corral, LLC (hereinafter
Debtor Appellants).





[3]The Non-Debtor Appellants
are Metro A, LLC; Sun Holdings, LLC; Pop Restaurants, LLC; Firebrand
Properties, LP; Corral Group, LP; Frys Management, LLC; and Guillermo Perales
(hereinafter Non-Debtor Appellants).





[4]See Craddock v.
Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (setting
forth the three factors for setting aside a default judgment and ordering a new
trial).





[5]With the exception of
An-Mar Companies, LLC and Denar Restaurants, LLC, the defendants in the July
2008 suit are the Appellants in this appeal.  





[6]The July 2008 lawsuit remained
pending as of the time the parties filed their briefs in this appeal. 





[7]The citation to An-Mar
Companies, LLC was returned unexecuted, and Polley nonsuited An-Mar Companies,
LLC before taking the default judgment against Appellants.  Also, the trial
court severed Polley’s claims against Denar Restaurants, LLC in July 2009. 
Thus, An-Mar Companies, LLC and Denar Restaurants, LLC are not parties to this
appeal.





[8]As discussed below,
Appellants contend that only six of the defendants were properly served. 





[9]The seven Appellants at
issue are Metro A, LLC; Kansas Corral, LLC; Sunny Corral Management, LLC; Frys
Management, LLC; Tag Corral, LLC; Indie Corral, LLC; and Guillermo Perales. 





[10]We similarly held in Hurst
that Hurst judicially admitted proper service, but we stated only that Hurst “admitted
in his brief that he was duly served and filed no answer.”  555 S.W.2d at 142. 





[11]We recognize that a party
may raise an allegation of defective service for the first time on appeal.  See,
e.g., All Commercial Floors, Inc. v. Barton & Rasor, 97 S.W.3d
723, 725–26 (Tex. App.—Fort Worth 2003, no pet.) (holding appellant could raise
defective service for the first time on appeal).  We note Appellants’ failure
to challenge service in their motion for new trial simply as context for the
clear and unequivocal nature of their statement concerning service.





[12]Non-Debtor Appellants
also argue that the trial court erred by granting default judgment because
joint and several liability for more than one defendant is impossible under
civil practice and remedies code chapter 33, and Debtor Appellants similarly
argue that Polley cannot obtain a judgment for joint and several liability in
this case because she did not obtain a joint and several liability finding in
her original lawsuit against Metro Restaurants.  But these contentions relate
to Appellants’ meritorious defenses rather than the propriety of the trial
court’s grant of default judgment based on the sufficiency of Polley’s original
petition.  See generally Dolgencorp of Tex., Inc. v. Lerma, 288 S.W.3d
922, 925 (Tex. 2009) (citing Craddock, 133 S.W.2d at 126) (stating that
defendant’s motion for new trial must set up a meritorious defense to be
entitled to reversal of default judgment).





[13]Ibarguengoytia’s
deposition testimony related to Appellants’ management structure, not
Appellants’ failure to file an answer, and we therefore do not set it out in
the opinion.





[14]Hall also signed an
affidavit that was attached to Appellants’ motion for new trial.  Hall’s
affidavit testimony contained much less detail but was consistent with her
testimony at the hearing.